**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 731 CAP |
| | : | |
| Appellee | : | Appeal from the Order entered on |
| | : | October 12, 2016 in the Court of |
| | : | Common Pleas, Cumberland County, |
| v. | : | Criminal Division at No. CP-21-CR- |
| | : | 0000794-1995. |
| | : | |
| MARK NEWTON SPOTZ, | : | SUBMITTED: June 29, 2017 |
| | : | |
| Appellant | : | |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 734 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated January |
| | : | 11, 2017 in the Court of Common Pleas, |
| | : | Schuylkill County, Criminal Division at |
| v. | : | No. CP-54-CR-0000269-1995. |
| | : | |
| | : | SUBMITTED: July 13, 2017 |
| MARK NEWTON SPOTZ, | : | |
| | : | |
| Appellant | : | |


**OPINION**


**JUSTICE WECHT**                                    **DECIDED: October 18, 2017**

In these consolidated appeals,[1] we consider whether the invocation of the United

States Supreme Court's decisions in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct.

2551 (2015), and *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016), satisfies

---

[1] We consolidated these death penalty collateral appeals *sua sponte*. *See generally* Pa.R.A.P. 513 (permitting consolidation, in the appellate court's discretion, when "the same question is involved in two or more appeals in different cases").

the newly-recognized constitutional right exception to the time limit prescribed by the Post Conviction Relief Act ("PCRA").[2]  *See* 42 Pa.C.S. § 9545(b)(1) (requiring all petitions for relief to be filed within one year of the judgment of sentence becoming final); *id.* § 9545(b)(1)(iii) (providing an exception to the time limit upon the recognition of a new constitutional right that is held to apply retroactively to petitioners whose judgments of sentence have become final).  We hold that neither *Johnson* nor *Welch* created a constitutional right that applies retroactively to Mark Spotz.  Consequently, the timeliness exception does not apply.  We affirm the PCRA court's conclusion that Spotz' petitions are untimely, rendering Pennsylvania courts without jurisdiction to provide relief.

In 1995, Spotz embarked upon a three-day homicide spree through York, Schuylkill, Cumberland, and Clearfield Counties.  Spotz killed four people, one of whom was his own brother.  In 1996, Spotz was convicted of first-degree murder and sentenced to death in York, Schuylkill, and Cumberland Counties.  In Clearfield County, Spotz was convicted of, *inter alia*, voluntary manslaughter for the killing of his brother, and received a lengthy prison sentence.  The lengthy factual and procedural histories of Spotz' cases have been detailed in the eight prior opinions that this Court has issued in relation to Spotz' various appeals and pursuits of collateral relief.[3]  That material is irrelevant to our disposition of the present appeals, and we will not recount it here.

---

[2]  *See* 42 Pa.C.S. § 9541-46.

[3]  *See Commonwealth v. Spotz*, 84 A.3d 294 (Pa. 2014); *Commonwealth v. Spotz*, 47 A.3d 63 (Pa. 2012); *Commonwealth v. Spotz*, 18 A.3d 244 (Pa. 2011); *Commonwealth v. Spotz*, 896 A.2d 1191 (Pa. 2006); *Commonwealth v. Spotz*, 870 A.2d 822 (Pa. 2005); *Commonwealth v. Spotz*, 759 A.2d 1280 (Pa. 2000); *Commonwealth v. Spotz*, 756 A.2d 1139 (Pa. 2000); *Commonwealth v. Spotz*, 716 A.2d 580 (Pa. 1998). In addition to the eight substantive opinions, former Chief Justice Castille authored a "Single Justice Opinion on Post-Decisional Motions" responding to Spotz' lawyers' request that he withdraw a Concurring Opinion that he had issued in one of Spotz' (continued…)

The only two cases at issue presently are Spotz' death sentences in Cumberland and Schuylkill Counties. In each case, Spotz filed facially untimely petitions for collateral relief, in which he maintained that *Johnson* and *Welch* sufficed to satisfy the newly-recognized constitutional right exception.[4] As discussed in more detail below, in *Johnson*, The Supreme Court of the United States held that the "residual clause" of the federal Armed Career Criminal Act of 1984 (the "Act"), 18 U.S.C. § 924 (generally); *id.* § 924(e)(2)(B)(ii) (residual clause), was unconstitutionally vague, violating the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Johnson*, 135 S.Ct. at 2563. The "residual clause" permitted increased sentences for those individuals who had committed three or more "violent felonies," which included any felony that "involves conduct that presents a serious potential risk of physical injury

---

(…continued)

appeals, in which he criticized counsel's involvement in the case. *See Commonwealth v. Spotz*, 99 A.3d 866 (Pa. 2014).

[4]  In Cumberland County, Spotz was sentenced to death on June 17, 1996. His direct appeal to this Court was denied on October 20, 2000. On January 14, 2002, the United States Supreme Court denied Spotz' petition for *certiorari*. Therefore, Spotz had until approximately January 14, 2003 to file a timely petition for collateral relief. *See* 42 Pa.C.S. § 9545(b)(3) (stating that, for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Spotz filed his Cumberland County petition on June 16, 2016, over thirteen years after his judgment of sentence became final.

Similarly, in Schuylkill County, Spotz was sentenced to death on March 6, 1996, and his direct appeal was denied on July 20, 1998. The United States Supreme Court denied *certiorari* on April 19, 1999. To be timely, any petition had to be filed on or before April 19, 2000. Spotz filed his present petition in Schuylkill County on June 16, 2016. The petition exceeded the time constraint by approximately sixteen years.

Hence, both petitions at issue here facially are untimely, and require the invocation of an enumerated exception to the timeliness requirement in order to establish the jurisdiction of our courts to review the claims raised therein.

to another." 18 U.S.C. § 924(e)(2)(B)(ii). In the next term, the Court held in *Welch* that its decision in *Johnson* with regard to the "residual clause" was a new substantive rule that necessitated its application even to those whose judgments of sentence had become final. *Welch*, 136 S.Ct. at 1265.

According to Spotz, the unconstitutional language in the Act's "residual clause" substantively is identical to the aggravating circumstance set forth in 42 Pa.C.S. § 9711(d)(9) (the "(d)(9) aggravator"), which requires proof by the Commonwealth that "[t]he defendant has a significant history of felony convictions involving the use or threat of violence to the person." *Id.* Because the "residual clause" at issue in *Johnson* effectively mirrors the (d)(9) aggravator, Spotz believes that *Johnson* and *Welch* are sufficient to satisfy the elements of the newly-recognized constitutional right exception to the PCRA's time bar. Both PCRA courts rejected this line of argument because, *inter alia*, those cases found a federal sentencing statute unconstitutional, whereas Spotz was sentenced under a state statute. The courts held that *Johnson* and *Welch* simply did not apply to Spotz, at least for purposes of the exception being invoked by Spotz. *See* Trial Court Opinion—Cumberland Cty., 10/12/2016, at 3 (explaining that Spotz "was not sentenced under this federal statute"); Trial Court Opinion—Schuylkill Cty., 12/13/2016, at 3 (agreeing with the Commonwealth's argument that Spotz did "not meet the requirements of the exception, because *Johnson* and *Welch* apply only to a federal statute that has nothing to do with Spotz' case"); *id.* at 5 (noting that "Spotz has also not been sentenced under the federal statute ruled unconstitutional, nor are the two statutes used in the same manner"). Accordingly, both courts held that Spotz' petitions were

untimely, that no exception applied, and that no court had jurisdiction to afford the relief sought by Spotz. Spotz then appealed both cases to this Court.[5]

Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error. *Commonwealth v. Washington*, 927 A.2d 586, 593 (Pa. 2007).

As noted earlier, the two collateral petitions filed by Spotz in these cases are facially untimely. *See supra* n.4. Thus, our sole inquiry is whether Spotz sufficiently has satisfied a statutory exception so as to overcome the patent untimeliness of his petitions. For the reasons that follow, we conclude that he has not done so.

To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of a judgment of sentence becoming final. *See* 42 Pa.C.S. § 9545(b)(1). This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016) (citing *Commonwealth v. Williams*, 105 A.3d 1234, 1239 (Pa. 2014); *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (Pa. 1998)). The statutory time bar "implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." *Robinson*, 139 A.3d at 185 (citing *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999)). Thus, the jurisdictional time bar only can be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

---

[5] This Court has exclusive jurisdiction over appeals of determinations made in death penalty cases on both direct and collateral appeal. *Commonwealth v. Collins*, 888 A.2d 564, 568 (Pa. 2005); 42 Pa.C.S. § 722(4); 42 Pa.C.S. § 9546(d).

Only the newly-recognized constitutional right exception is relevant here.[6]  We examined the terms of this exception, and a petitioner's burden thereunder, in *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2002):

> Subsection (iii) of Section 9545[(b)(1)] has two requirements.  First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section.  Second, it provides that the right "has been held" by "that court" to apply retroactively.  Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.  The language "has been held" is in the past tense.  These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review.  By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* at 501.  As noted, Spotz relies upon the United States Supreme Court's decisions in *Johnson* and *Welch*.  We briefly turn our attention to those cases.

The Armed Career Criminal Act of 1984 permits more severe punishments for felony defendants who have committed three or more previous "violent felonies,"[7] which

---

[6]   The other two exceptions permit consideration of otherwise untimely petitions when "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States," or when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  42 Pa.C.S. § 9545(b)(1)(i), (ii).  Spotz does not seek relief under either of these exceptions.

The PCRA also requires that petitions invoking one of the exceptions be filed within sixty days of the relevant event that triggered the filing of the petition.  *See* 42 Pa.C.S. § 9545(b)(2).  The Commonwealth does not dispute that Spotz filed his petitions within sixty days of the United States Supreme Court issuing its decision in *Welch*.  Moreover, the common pleas courts' docket sheets reflect that the petitions were both filed on June 16, 2016, within the sixty-day time limit.

[7]   The Act defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that either:

(continued…)

the Act defines, in part, as including any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The United States Supreme Court scrutinized this language, known as the "residual clause," in *Johnson*.

Johnson was a felon and a known member of a white-supremacist organization. In 2010, Johnson disclosed to an undercover federal agent that he had explosives and planned to commit terrorist attacks at various locations in Minnesota, and that he was in possession of an AK-47 rifle. After his subsequent arrest, Johnson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[8]

The United States requested an enhanced sentence in reliance upon the "residual clause" of the Act. The United States argued that three of Johnson's previous offenses under Minnesota law, including unlawful possession of a short-barreled shotgun,[9] qualified as violent felonies under the clause. The district court agreed with the United States, and sentenced Johnson to 15 years' incarceration. The Court of Appeals for the Eighth Circuit affirmed the application of the "residual clause." The

---

(…continued)

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves [the] use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. § 924(e)(2)(B)(i)-(ii).

[8]  Federal law for unlawful acts with firearms forbids certain individuals, including convicted felons, "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18. U.S.C. § 922(g).

[9]  *See* Minn. Stat. § 609.67 (2006).

United States Supreme Court granted *certiorari* to decide whether Minnesota's offense of unlawful possession of a short-barreled shotgun ranks as a violent felony. After oral argument, the Court directed the parties to provide the Court with supplemental briefing on the question of whether the "residual clause" ran afoul of the United States Constitution's void-for-vagueness doctrine, and ordered a second round of oral argument on that issue.

The Court reversed the Eighth Circuit, and held that the Act's "residual clause" was unconstitutionally vague, and, thus, a violation of Johnson's due process rights. The Court identified two features of the "residual clause" that rendered the language unconstitutionally vague: (1) the "grave uncertainty about how to estimate the risk posed by the crime"; and (2) "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S.Ct. at 2557-58. The Court noted that the Court's assessment of risk and how much risk qualifies as violent is tied to an abstract "ordinary case." The Court found no reliable way to discern what is "ordinary," and, accordingly, held that the assessment required under the "residual clause" fails to offer the predictability and fairness that the Due Process Clause demands.

The Court also discussed the "persistent efforts"[10] that the Court made over the previous nine years to attempt to clarify the Act's "residual clause," but noted that the Court has failed every time.[11] The Court rejected the argument that the existence of some clearly risky crimes could save the clause's constitutionality.

---

[10] *See United States v. L. Cohen Grocery Co.,* 255 U.S. 81, 91 (1921) (noting that the failure of "persistent efforts" to establish a standard may be evidence of vagueness).

[11] See Sykes v. United States, 564 U.S. 1 (2011); Chambers v. United States, 555 U.S. 122 (2009); James v. United States, 550 U.S. 192 (2007).

One year later in *Welch*, the Supreme Court confronted the complex task of determining whether its decision in *Johnson* should apply retroactively to cases on collateral review. Gregory Welch was sentenced under the "residual clause" of the Act after the district court found that three prior violent felony convictions triggered the increased penalty. In doing so, the district court determined that Florida's "strong-arm robbery" statute qualified as a violent felony under the "residual clause." Welch was sentenced to fifteen years' incarceration. The Court of Appeals for the Eleventh Circuit affirmed the sentence. Following *Johnson*, Welch filed a petition for a writ of *certiorari*, which the Court granted, to address the retroactivity of *Johnson*.

The Supreme Court vacated the Eleventh Circuit's decision and remanded the case, holding that *Johnson* created a new substantive rule that had to apply retroactively. The Court applied the *Teague* framework,[12] which generally prescribes that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Welch*, 136 S.Ct. at 1264. But there are two exceptions. First, new substantive rules will apply retroactively. Second, new "watershed rules of criminal procedure, which are procedural rules implicating the fundamental fairness and accuracy of the criminal proceeding, will also have retroactive effect." *Id.* (internal quotation marks omitted).

The Court reasoned that *Johnson* produced a new substantive rule, because it altered "the range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). The Court found that the rule could not be procedural, because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be

---

[12] *See Teague v. Lane*, 489 U.S. 288 (1989).

sentenced under the Armed Career Criminal Act." *Id.* Accordingly, the Court held that the new substantive rule from *Johnson* must apply retroactively, as the "residual clause" no longer can mandate or maintain any sentence, past or future.

Spotz maintains that this combination of rulings satisfies the elements of the newly-recognized constitutional right exception. *See* Reply Brief of Appellant, No. 734 CAP, at 2. However, Spotz was not sentenced under the Act. He was sentenced under Pennsylvania's death penalty statute after the jury found the existence of the (d)(9) aggravator. It is true that *Johnson* created a substantive, constitutional rule. It also is true that *Welch* requires retroactive application of that rule. Nonetheless, Spotz still must demonstrate that those cases created a right that applies to him. It is axiomatic, and self-evident, that the asserted newly-created right actually must enure to the benefit of the petitioner. The right or rule established by the Supreme Court actually must touch upon the facts or procedure that resulted either in the petitioner's conviction or sentence. For example, for purposes of the newly-recognized constitutional right exception, a person serving a sentence of life imprisonment cannot invoke new constitutional rights that govern only death penalty cases, an adult cannot rely upon constitutional decisions that affect only processes pertaining to juveniles, and a state prisoner cannot seek redress based upon constitutional rulings that extend only to federal statutes, as is the case here.

Spotz argues that the PCRA courts in this matter, by rejecting his attempts to invoke the newly-recognized constitutional right exception, erroneously considered the underlying merits of his claim, *i.e.* whether the language of the two provisions are so similar as to require a new sentencing hearing, and failed to strictly apply the statutory requirements. In his view, because the "residual clause" and the (d)(9) aggravator are substantially similar, the combination of *Johnson* and *Welch ipso facto* render his

petitions timely. However, such an automatic conclusion would require that we ignore the basic, threshold necessity of showing that the right at issue is one that applies to the petitioner's case. For purposes of the exception, we consider only whether, at this point in time, either the United States Supreme Court or this Court has recognized a new constitutional right that is applicable to the petitioner. *See Abdul-Salaam*, 812 A.2d at 501. The only established right at this juncture applies to federal prisoners who have been sentenced under the federal statute. Nothing in *Johnson* suggests that the rule extends to state prisoners. In order for Spotz' petitions to be timely, the (d)(9) aggravator must have been held unconstitutional at the time that he filed his petitions. It has not been so held. Only the federal provision has been stricken.

Subsection 9545(b)(1)(iii) requires the assertion of a "right." *See* 42 Pa.C.S. § 9545(b)(1)(iii). As Spotz was sentenced under a state death penalty statutory scheme, and not under the unconstitutional federal statute at issue in *Johnson*, there simply is no "right" that Spotz can assert at this time. Thus, his invocation of the newly-recognized constitutional right exception necessarily fails.

Whether the "residual clause" and the (d)(9) aggravator are so similar that *Johnson* compels a similar void-for-vagueness invalidation—which would necessitate a significant deviation from our prior rulings[13]—is a substantive question requiring consideration of whether a new, but inapplicable, right should be extended to a matter of state law or to a different area of substantive law. Only a court with jurisdiction can

---

[13] Notably, this Court repeatedly has held that the language in the (d)(9) aggravator is not unconstitutionally vague. *See Commonwealth v. Williams*, 863 A.2d 505, 521 (Pa. 2004) (citing *Commonwealth v. Hill,* 666 A.2d 642 (Pa. 1995); *Commonwealth v. Rivers*, 644 A.2d 710 (Pa. 1994); *Commonwealth v. Fahy*, 516 A.2d 689 (Pa. 1986); *Commonwealth v. Goins*, 495 A.2d 527 (Pa. 1985); *Commonwealth v. Beasley*, 475 A.2d 730 (Pa. 1984)).

answer that question. Because Spotz has not satisfied the newly-recognized constitutional right exception, like the PCRA court, we lack that jurisdiction.

We affirm the PCRA courts' dismissal of Spotz' untimely petitions.

Chief Justice Saylor and Justice Baer, Justice Todd, Justice Donohue, Justice Dougherty and Justice Mundy join the opinion.