J-S36044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DEVON BELL | : | |
| | : | |
| Appellant | : | No. 2461 EDA 2017 |

Appeal from the PCRA Order June 29, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0702871-1999

BEFORE:  GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                 FILED July 20, 2018

Appellant, Devon Bell, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 10, 2001, the court convicted Appellant of first-degree murder, aggravated assault, conspiracy, and possessing instruments of crime.  The court sentenced Appellant on December 10, 2001, to life imprisonment for the murder conviction and lesser terms of imprisonment for some of the remaining crimes.  This Court affirmed the judgment of sentence on September 10, 2004, and our Supreme Court denied allowance of appeal on January 28, 2005.  ***See Commonwealth v. Bell***, 863 A.2d 1218 (Pa.Super. 2004), *appeal denied*, 582 Pa. 661, 868 A.2d 450 (2005).

From 2005 to 2016, Appellant unsuccessfully litigated at least two PCRA petitions. On February 17, 2017, Appellant filed the current *pro se* serial PCRA petition. The court issued Pa.R.Crim.P. 907 notice on April 11, 2017, and Appellant responded *pro se* on April 21, 2017. The court denied PCRA relief on June 29, 2017. On July 25, 2017, Appellant timely filed a *pro se* notice of appeal and voluntary concise statement per Pa.R.A.P. 1925(b).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on April 28, 2005, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on February 17, 2017, which is patently untimely. **See** 42

Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), claiming he is entitled to relief under **Johnson v. United States**, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (holding "residual clause" of federal Armed Career Criminal Act of 1984, which permits increased sentences for individuals who have committed three or more "violent felonies," including any felony that involves conduct that presents serious potential risk of physical injury to another, is unconstitutionally vague) and **Welch v. United States**, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (holding **Johnson** announced new substantive rule that applies retroactively to cases on collateral review). Nevertheless, our Supreme Court has held that **Johnson** and **Welch** do not satisfy the new constitutional right exception to the PCRA time-bar where the PCRA petitioner was sentenced under **state** statutes. **See Commonwealth v. Spotz**, ____ Pa. ___, 171 A.3d 675 (2017) (holding neither **Johnson** nor **Welch** affords appellant relief because he was not sentenced under federal Armed Career Criminal Act; at this juncture, **Johnson** and **Welch** apply only to federal prisoners sentenced under relevant federal statute).[1] Therefore, the court properly dismissed Appellant's petition as untimely.

Order affirmed.

---

[1] Appellant's remaining claims fail to allege a timeliness exception, so we give them no further attention.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2018