J-S08033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :                PENNSYLVANIA
                                            :

                   v.                             :
                                            :
                                            :

ROY GARNETT                           :
                                            :

                 Appellant                 :     No. 2635 EDA 2018

Appeal from the PCRA Order Entered August 20, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0003841-2015

BEFORE:    BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED APRIL 24, 2019**

Appellant, Roy Garnett, appeals from the order entered in the Court of Common Pleas of Delaware County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546. We affirm.

On November 18, 2015, following a two-day trial, a jury convicted of Possession with Intent to Deliver a Controlled Substance (Heroin), Possession of a Controlled Substance (Heroin), Possession of Drug Paraphernalia, and Criminal Conspiracy. On December 17, 2015, the court sentenced Appellant to an aggregate term of 72 to 144 months' incarceration, with an 11-year probationary period to follow. Appellant filed a motion for reconsideration of sentence, which the trial court denied on January 20, 2016.

Appellant filed a timely direct appeal on February 2, 2016. Among his issues was the assertion that the trial court erroneously refused his request to amend the qualification of a Commonwealth expert witness—whom the

_____

\*   Former Justice specially assigned to the Superior Court.

Commonwealth had offered as an expert in narcotics distribution and investigations—to include qualification as an expert in the area of narcotics weight. This Court, however, determined Appellant had waived the claim because trial counsel not only failed to object to the court's refusal but also failed to ask for recordation of the pertinent sidebar discussion that preceded the refusal. *See Commonwealth v. Garnett*, 393 EDA 2016, unpublished memorandum (Pa.Super. filed March 27, 2017). Notably, we also observed Appellant had not explained why qualifying the expert witness on narcotics weight was important when the Commonwealth did not rely on weight to prove intent to deliver and Appellant offered no weight-based defense.

On March 26, 2018, Appellant filed a timely PCRA petition, his first. Through counsel, Appellant claimed that trial counsel ineffectively failed to object and make an appropriate record of the court's expert qualification ruling, and that direct appeal counsel ineffectively failed to assemble a Pa.R.A.P. 1923[1] Statement containing an agreed-upon version of the sidebar

---

[1] Rule 1923, "Statement in Absence of Transcript," provides:

> If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal.

discussion at issue. The Commonwealth filed a court-ordered response, in which it requested dismissal of Appellant's petition without a hearing.

On July 17, 2018, the PCRA court filed a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. PCRA counsel filed a response to the Rule 907 Notice, but the PCRA court entered its Order of August 20, 2018, dismissing Appellant's petition without an evidentiary hearing. This timely appeal followed.

Appellant raises two related issues asserting the ineffective assistance of prior counsel. The first issue maintains, "trial counsel was ineffective when he failed to put on the record his objection to the ruling about the qualifications of Officer Donohue as an expert in narcotics weight. Moreover, trial counsel was ineffective for failing to ensure that the [trial court] put its ruling on the record." Appellant's brief, at 8. The second issue claims direct appeal counsel failed "to follow the procedure of Pa.R.A.P. 1923 in order to supplement the record where it was silent in reference to sidebar about the qualifying of Officer Donohue as an expert in narcotics weight." *Id.* at 10.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). We must keep in mind that the petitioner has

---

Pa.R.A.P. 1923.

the burden of persuading this Court that the PCRA court erred and that such error requires relief. **Commonwealth v. Wholaver**, 177 A.3d 136, 144-45 (Pa. 2018). This Court may affirm a valid judgment or order for any reason appearing of record. **Id**. at 145.

To be entitled to relief on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or failure to act; and (3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." **Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015). Failure to satisfy any of the three prongs is fatal to a claim of ineffective assistance of counsel. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

Moreover, we presume counsel provided effective assistance, and a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness. **Id.**; **see also Commonwealth v. Lesko**, 15 A.3d 345, 380 (Pa. 2011) (noting "[w]hen evaluating ineffectiveness claims, judicial scrutiny of counsel's performance must be highly deferential." (citation and internal quotation marks omitted)). Additionally, the right to an evidentiary hearing on a post-conviction petition is not absolute. **Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012).

Appellant's two ineffectiveness claims implicate the same moment at trial. As noted previously, the Commonwealth offered Officer Matthew Donohue as an expert witness in illegal narcotics investigation. During *voir*

*dire* on Officer Donohue's qualifications, he testified he had been employed with the Chester City Police Department for six years, the last two-and-one-half years with the Narcotics Division. N.T. 11/18/15, at 5. He had taken multiple classes on narcotics investigation and identification offered by the Drug Enforcement Agency, and he had participated in undercover investigations involving the use of confidential informants to obtain evidence against suspected drug dealers. N.T. at 6-7.

Donohue, himself, frequently posed as a buyer and made drug buys directly from drug dealers. N.T. at 7-8. His experience spanned "well over a thousand" controlled substance investigations that resulted in arrests and seizure of contraband, including approximately 250 involving heroin. N.T. at 8. He testified that he had gained additional knowledge about the illegal drug trade by talking to hundreds of dealers he arrested who were willing to share their knowledge and insights with him. N.T. at 11-12.

Based on this experience, Officer Donohue has provided expert opinion in District Court "two or three times a week" regarding whether seized controlled substances were possessed for personal use or with the intent to deliver, he testified. N.T. at 12-13. The Commonwealth asked him whether, therefore, in light of his training and experience, he was familiar with "the manner of preparation, cost, packaging, and consistency and sale of weights of heroin?" N.T. at 13. Donohue said that he was. ***Id***.

The Commonwealth then referred back to his testimony that he had been an expert witness in the field of "illegal drugs, drug distribution, and drug

investigations," and asked if he had testified to this effect in the Court of Common Pleas, to which Officer Donohue answered that he had. N.T. at 13. The Commonwealth, therefore, indicated it wished to offer Officer Donohue as a witness "expert in the field of illegal drugs, drug distribution, and drug investigations." N.T. at 13-14.

Counsel for Appellant cross-examined Officer Donohue as to his expertise. Specifically, counsel first asked if Donohue had just claimed to be an expert "in the weight of heroin," to which Donohue answered that he had. N.T. at 14. Counsel then asked if Officer Donohue knew the difference between a stationhouse weighing of heroin and a laboratory weighing. Donohue replied that the initial stationhouse weighing keeps the heroin in their baggies for safety reasons, whereas the crime laboratory, given its more controlled environment, weighs the heroin after its removal from the baggies. N.T. at 15. Counsel asked Donohue again if he believed he was just as qualified to discuss the weight of a drug as he was to discuss whether the drug was possessed for personal use or with the intent to deliver. *Id*. Officer Donohue answered that he was. *Id*.

The court determined that Officer Donohue was qualified as an expert "in illegal drugs, drug distribution, and drug investigation." N.T. at 16. Counsel for Appellant, however, asked that the court also deem Donohue expert on drug weight, given Donohue's testimony on cross-examination. *Id*. The Commonwealth asked for a sidebar discussion, which took place off the record. After sidebar, the Court announced to the jury the following:

> **THE COURT:** Ladies and gentlemen, I have found Officer Donohue to be an expert witness in the field of illegal drugs, drug distribution and drug investigation. What that means is that he has certain specialized knowledge based on training and experience that allows him to offer opinions that may assist you in your deciding this case other than like lay witnesses that can't offer opinions.

N.T. at 16. Counsel offered no objection to the court's ruling.

Appellant now contends that trial counsel ineffectively failed to object to the court's post-sidebar declaration of Officer Donohue expertise in the "field of illegal drugs, drug distribution and drug investigation" without also specifying an expertise in "drug weight." He also claims trial counsel's failure to ensure a complete record of the sidebar discussion, and direct appeal counsel's failure to develop a Rule 1923 statement of the discussion, constituted ineffective assistance.

Initially, we find problematic Appellant's failure to indicate how the absence of the words "drug weight" from the court's declaration of expert qualifications mattered, where Officer Donohue testified that part of his expertise in drug distributions and investigations included a knowledge of drug weights involved in illegal drug sales. *See* N.T. at 13, *supra*. Indeed, the Commonwealth itself asked Officer Donohue if his training and experience made him familiar with, *inter alia*, "the manner of . . . sale of weights of heroin[,]" and he answered in the affirmative. He repeated this assertion and variants thereof several times during extensive cross-examination on the point, without objection.

That the trial court elected to qualify Officer Donohue in accordance with the wording of the Commonwealth's offer—"an expert in the field of illegal drugs, drug distribution and drug investigation"—would appear, therefore, to be of no moment. The court did not explicitly exclude the subject of drug weight from its declaration of qualifications, and, given the undisputed content of Donohue's testimony, the narrow subject of weight was implicitly encompassed within the court's broader declaration. We, therefore, disagree with Appellant's predicate claim to the extent it suggests that the court precluded Officer Donohue from opining on the subject of drug weight and any potential effect weight may have on Appellant's case.

Perhaps more important, however, is the inadequacy of Appellant's "arguable merit prong" argument. Specifically, the entirety of his argument states, "it cannot be said that there is no merit to the allegation of ineffectiveness for failing to ensure that the record was not silent as to the off-the-record discussion about Officer Donohue." Appellant's brief, at 9.

This conclusory statement does not even begin to explain what potential underlying error with the court's ruling could have become known if counsel had objected or requested recordation of the sidebar discussion. Controlling decisional law has rejected ineffectiveness claims as meritless under virtually identical circumstances.

In **Commonwealth v. Blakeney**, 108 A.3d 739 (Pa. 2014), petitioner Blakeney filed a PCRA petition claiming that direct appeal counsel rendered ineffective assistance by failing to challenge an unrecorded sidebar discussion,

conducted over Blakeney's *pro se* objection, between the trial court, prosecutor, and standby counsel. In affirming the order denying PCRA relief, our Supreme Court explained a petitioner carries a burden to specify a potentially meritorious underlying claim necessitating the transcription of the off-the-record sidebar discussion; merely asserting broadly that transcription may have revealed some error is insufficient:

> [Blakeney] offers no specific argument as to what error might have been revealed had this sidebar been transcribed. This Court has recently explained the relevant legal principles applicable to claims of this nature:
>
> > The U.S. Supreme Court has recognized that adequate and effective appellate review is impossible without a trial transcript or adequate substitute and has held that the States must provide trial records to indigent inmates. This Court has similarly concluded that a criminal defendant is entitled to "a full transcript or other equivalent picture of the trial proceedings" in order to engage in meaningful appellate review. However, in order to "establish entitlement to relief based on the incompleteness of the trial record, [Blakeney] must first make some potentially meritorious challenge which cannot be adequately reviewed due to the deficiency in the transcript."
>
> ***Commonwealth v. Sepulveda***, 618 Pa. 262, 55 A.3d 1108, 1149 (2012) (citations omitted).
>
> In ***Sepulveda,*** on collateral appeal in a capital case, the appellant claimed that his rights to counsel, due process, and meaningful appellate review were denied because a number of sidebars had not been transcribed and counsel had not objected. Noting that the appellant had failed to specify any potentially meritorious claim that could not be adequately developed or reviewed because sidebars had not been transcribed, but instead took an absolutist position, unsupported by controlling authority, that a "full and accurate" record necessarily includes transcription of all sidebars

regardless of their substance, this Court dismissed the claim as meritless. *Id.* at 1150.

Here, [Blakeney] makes a similar, broad-based claim without supporting argument as to why the off-the-record sidebars, including the single one to which he objected, should have been transcribed, other than his claimed entitlement to review every unrecorded discussion to determine whether some unspecified error might have occurred. [Blakeney] has failed to establish his underlying claim of incompleteness of the record. Thus, his claim of ineffectiveness of appellate counsel for failing to challenge the allegedly incomplete record on appeal lacks merit. *Sepulveda*, *supra*. The PCRA court properly dismissed this claim of counsel ineffectiveness without a hearing, as the claim failed to set forth a material fact requiring additional review.

*Blakeney*, 108 A.3d at 764–65.

Like the petitioner in *Blakeney*, Appellant fails to articulate what potentially meritorious underlying challenge escapes adequate review because of prior counsels' respective failures to make a record of the sidebar discussion. Consequently, Appellant's ineffectiveness claims against both trial counsel and appellate counsel are without arguable merit. *See Spotz*, 84 A.3d at 311 (holding failure to satisfy any one prong defeats claim of ineffective assistance of counsel).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/19

- 10 -