J-S46028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES NELSON DEUTSCH :
:
Appellant : No. 817 WDA 2023

Appeal from the PCRA Order Entered June 30, 2023
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001230-2007

BEFORE: DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.: **FILED: February 16, 2024**

James Nelson Deutsch (Appellant) appeals, *pro se*, from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), **see** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 6, 2008, a jury convicted Appellant of second-degree murder, robbery, burglary, theft, and receiving stolen property.[1] The trial court sentenced Appellant to life in prison. Appellant subsequently filed a post-sentence motion. Trial counsel requested additional time to amend the post-sentence motion, indicating that Appellant had retained new counsel to litigate the post-sentence motion and file an appeal on his behalf. The trial court granted additional time. Appellant's post-sentence counsel entered his

_____

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(i), 3502(a), 3921(a), 3925(a).

appearance, and trial counsel was permitted to withdraw from representation. Post-sentence counsel was granted another extension of time. Ultimately, post-sentence counsel filed a motion to withdraw Appellant's post-sentence motion. Appellant did not file a direct appeal.

Appellant, *pro se*, filed his first, timely PCRA petition on February 23, 2009. Appellant argued, in part, that his trial counsel was ineffective for failing to present alibi or other material witnesses. The PCRA court appointed counsel. Appellant then authored a *pro se* "amendment" to his PCRA petition, which counsel forwarded to the court on Appellant's behalf. The PCRA court heard argument on Appellant's petition. Subsequently, on December 16, 2009, the PCRA court denied Appellant's first PCRA petition. Appellant did not appeal the denial of his first PCRA petition.

On February 23, 2023, Appellant, *pro se*, filed the instant PCRA petition, his second. Appellant argued his post-sentence counsel abandoned him by failing to file an appeal. **See** PCRA Petition, 2/23/23, at 3, 11 (unnumbered). Appellant also averred that post-sentence counsel did not seek leave to withdraw as counsel, and Appellant was made aware of that "fact" when he received his docket sheets through the inmate mailing system. **See id.** at 7-8 (unnumbered).[2] On May 9, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing.

---

[2] Appellant also summarily alleged his first PCRA counsel was ineffective for failing to identify this claim. **See** PCRA Petition, 2/23/23, at 6 (unnumbered).

Appellant sought and was granted an extension of time to file objections to the Rule 907 notice. In his *pro se* objections, Appellant alleged he was previously unaware that he had been abandoned by counsel. On June 30, 2023, the PCRA court dismissed Appellant's PCRA petition.

This timely appeal followed. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for review:

1. Did the PCRA court err when it dismissed the Appellant's PCRA petition without [a] hearing when Appellant set forth facts, both of record and off record[,] which, if proven[,] would have entitled him to relief? More specifically:

   a. [Appellant] was abandoned by both direct appeal counsel and first PCRA counsel. Direct appeal counsel for failure to file a petition for allowance of appeal and first PCRA counsel for failure to identify the claim.

   b. [Appellant] was unaware of direct appeal counsel's abandonment until February 2, 2023, therefore allowing for an exception to the filing time requirements of 42 Pa. C.S. § 9545(b)(ii), contrary to the conclusions set forth in the PCRA court[']s conclusion.

2. Was the Appellant unlawfully and prejudicially deprived of his established right to effective assistance of counsel in filing a petition for allowance of appeal with the Pennsylvania Supreme Court when it was counsel's specific *per se* errors which caused the loss[,] and this was [Appellant's] first opportunity to raise the claim?

3. Was PCRA counsel ineffective in failing to raise these claims?

Appellant's Brief at 3.[3]

---

[3] The Commonwealth did not file an appellate brief.

We review the dismissal of Appellant's PCRA petition to determine "whether the PCRA court's findings of fact are supported in the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

Prior to reaching the merits of Appellant's claims, we consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). A PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). "[T]he timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015).

It is undisputed that Appellant's PCRA petition is facially untimely, as his judgment of sentence became final in May 2008, when the time for filing a direct appeal with this Court expired. Nevertheless, a court may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the

claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Appellant invokes the newly-discovered fact exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). *See* Appellant's Brief at 32-33. Appellant argues post-sentence counsel abandoned him by failing to file an amended post-sentence motion. *See id.* at 28-29. Appellant also points to counsel's failure to file a direct appeal on his behalf. *See id.* at 29-30. Additionally, Appellant contends his first PCRA counsel did not communicate with Appellant or challenge post-sentence counsel's abandonment on his behalf. *Id.* at 30, 32. Appellant avers that he became aware of prior counsel's abandonment "after a legal aid in the prison's law library reviewed his docket sheet…." *Id.* at 31.

> The newly-discovered fact exception
>
> requires that the facts upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence. To fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly discovered source.

*Commonwealth v. Shannon*, 184 A.3d 1010, 1015-16 (Pa. Super. 2018) (citations, quotation marks and brackets omitted).

Appellant relies on *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007), to support his argument that abandonment by counsel may constitute a newly-discovered fact under section 9545(b)(1)(ii). Generally, an ineffectiveness claim does not constitute a "fact" for purposes of overcoming

the PCRA's timeliness requirement. ***Bennett***, 930 A.2d at 1272 (citing ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785-86 (Pa. 2000)). The ***Bennett*** Court, however, recognized there must be an exception to this rule when counsel abandons the petitioner on appeal. ***Bennett***, 930 A.2d at 1273. A sufficient allegation of abandonment by counsel may invoke section 9545(b)(1)(ii). ***Id.*** at 1274. The ***Bennett*** Court reiterated that even where a petitioner's "allegations bring his claim within the ambit of subsection (b)(1)(ii), he must still prove … that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" ***Id.***

Assuming Appellant sufficiently alleged post-sentence counsel's abandonment, Appellant failed to establish counsel's alleged shortcomings were previously unknown to him, or that he could not have discovered the abandonment with the exercise of due diligence. ***See id.*** In the motion to withdraw the post-sentence motion, post-sentence counsel expressly stated he had discussed possible post-sentence claims with Appellant, and that Appellant had decided to withdraw the motion. Motion to Withdraw Post-Trial Motion, 11/3/08. Further, Appellant was aware he did not file a direct appeal from his judgment of sentence at the time he litigated his first PCRA petition. ***See generally*** PCRA Petition, 2/23/09, at 4 (under section explaining prior proceedings, stating, counsel "filed direct appeal but withdrew it"). Moreover, in Appellant's own words, "there is no record establishing the facts surrounding when or how [Appellant] learned of his attorney's failures."

Appellant's Brief at 31. At best, the "fact" of counsel's abandonment is from a newly identified source. ***Cf. Shannon***, 184 A.3d at 1015-16.[4] As Appellant has failed to plead and prove the newly-discovered fact exception to the PCRA's time-bar, this Court, like the PCRA court, lacks jurisdiction to consider the merits of Appellant's issues.

For the above reasons, we affirm the PCRA court's dismissal of Appellant's second PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/16/2024

_____

[4] To the extent Appellant claims post-sentence counsel's withdrawal does not appear on the docket, we note the PCRA court's observation:

> [T]hat fact has been apparent on the face of the docket for almost fifteen years and there is no reason why [Appellant] could not have ascertained it earlier through the exercise of due diligence. He could have obtained a copy of the docket sheet at any time. In fact, a docket entry for June 16, 2016 shows that [Appellant] sent a letter to the Clerk of Courts requesting a copy of the docket sheet for this case[,] and the Clerk of Courts responded by sending him a copy.

PCRA Court Rule 907 Notice, 5/9/23, at 3.