J-A06012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEVON A. EVERETT | : | |
| | : | |
| Appellant | : | No. 1450 WDA 2022 |

Appeal from the PCRA Order Entered November 22, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0012952-2006

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: MARCH 5, 2024**

Jevon A. Everett appeals, *pro se*, from the order, entered in the Court of Common Pleas of Allegheny County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

In 2008, Everett was convicted by a jury of first-degree murder.  On December 11, 2008, the trial court sentenced Everett to a term of life imprisonment without the possibility of parole.  Everett appealed to this Court, and we affirmed his judgment of sentence on March 24, 2011.  ***See Commonwealth v. Everett***, 26 A.3d 1202 (Pa. Super. 2011) (Table).  Everett filed a petition for allowance of appeal, which our Supreme Court denied on October 30, 2011.  ***See Commonwealth v. Everett***, 32 A.3d 1275 (Pa. 2011) (Table).  Everett did not seek further review with the United States Supreme Court.

Everett subsequently litigated three PCRA petitions unsuccessfully. *See Commonwealth v. Everett*, 272 A.3d 503 (Pa. Super. 2022) (Table) (summarizing procedural history). After this Court affirmed the dismissal of Everett's third PCRA petition, he filed a petition for allowance of appeal in our Supreme Court, which was denied on July 27, 2022. *See Commonwealth v. Everett*, 282 A.3d 1130 (Pa. 2022) (Table).

On August 18, 2022, Everett, *pro se*, filed the instant "Motion to Compel," which the PCRA court properly treated as his fourth PCRA petition. *See* 42 Pa.C.S.A. § 9542 (PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect"). On October 19, 2022, the PCRA court issued notice of its intent to dismiss Everett's petition pursuant to Pa.R.Crim.P. 907. Everett filed a *pro se* response. On November 22, 2022, the PCRA court dismissed Everett's petition as untimely filed.

Everett filed a timely notice of appeal. On December 8, 2022, the PCRA court ordered Everett to file a Pa.R.A.P. 1925(b) concise statement of issues complained of on appeal. On December 15, 2022, Everett filed a "Response to Order," in which he raised no appellate claims, but asserted that the PCRA court's Rule 1925(b) order was improper because the PCRA court lacked jurisdiction over the case. The PCRA court filed a Rule 1925(a) opinion.

Prior to reaching Everett's claims,[1] we must address the timeliness of the instant PCRA petition. "On appeal from the denial of relief under the [PCRA], the standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Martin**, 5 A.3d 177, 182 (Pa. 2010). Additionally, any PCRA petition "shall be filed within one year of the date the judgment because final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." **Id.** at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, as we have concluded before, Everett's judgment of sentence became final in January 2012, after expiration of the time in which Everett could have filed a petition for writ of certiorari in the Supreme Court of the United States. **See Commonwealth v. Everett**, 272 A.3d 503 (Pa. Super. 2022) (Table); **see also** Sup.Ct.R. 13 (allowing 90 days to file petition for writ of certiorari); 42 Pa.C.S.A. § 9545(b)(3). Consequently, Everett's instant petition, filed on August 23, 2022, is patently untimely.

---

[1] In light of our conclusion, discussed **infra**, that Everett has failed to preserve any claims whatsoever, we decline to summarize his claims here.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). These three exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented."[2] *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

As we noted *supra*, there were no claims preserved in Everett's "Response" to the PCRA court's Rule 1925(b) order. Rather, Everett claimed that the PCRA court had no jurisdiction over his case and that it was "improper" for the PCRA court to order the filing of a Rule 1925(b) concise

---

[2] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. However, in light of the fact that Everett has preserved no claims for our review, we make no determination of when his claims could have arisen.

statement. ***See*** Response to Order, 12/15/22, at 1-2. Moreover, we observe that Everett did not invoke any exceptions to the PCRA time-bar in his underlying PCRA petition. Consequently, Everett has not preserved **any** claims for appeal, let alone a claim that would satisfy one or more of the time-bar exceptions to the PCRA. ***See*** Pa.R.A.P. 302(a) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Therefore, Everett has not properly invoked any time-bar exception to the PCRA, and, accordingly, we affirm the PCRA court's dismissal of Everett's fourth PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

FILED: <u>3/5/2024</u>