J-S34031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONTY WILLIAM JACKSON II | : | |
| | : | |
| Appellant | : | No. 420 WDA 2024 |

Appeal from the PCRA Order Entered March 8, 2024
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000259-2019

BEFORE: DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED: November 26, 2024**

Appellant, Monty William Jackson, III, appeals from the order entered in the Greene County Court of Common Pleas on March 8, 2024, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After review, we affirm.

The relevant facts and procedural history are as follows: On January 23, 2020, Appellant was convicted of Persons not to Possess[1] by a jury following his trial for an incident that took place June 7, 2019. Appellant was sentenced on July 28, 2020 to five to ten years' incarceration. Appellant timely filed a post-sentence motion, and he was appointed new counsel. When his new counsel failed to file a supplemental post-sentence motion, Appellant filed a

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 6105(a)(1).

*pro se* PCRA petition on January 22, 2021, seeking reinstatement of his direct appeal rights. By order entered February 26, 2021, the court denied Appellant's pending post-sentence motion but reinstated his direct appeal rights. Appellant was appointed new counsel. On May 13, 2022, this Court affirmed Appellant's judgment of sentence on direct appeal. *See Commonwealth v. Jackson*, 279 A.3d 1251 (Pa. Super. 2022).

Appellant filed a *pro se* PCRA petition on September 1, 2023 and the court appointed James R. Jeffries, Esq. as Appellant's counsel. A PCRA hearing was held on March 5, 2024. By order dated March 8, 2024, Appellant's request for PCRA relief was denied. This appeal follows.

Appellant raises one issue for our review, verbatim:

> The Order in question is whether the trial courts failure to confiscate mobile phones from the jury and whether trial counsel was ineffective for not objecting to the same is reversible error such that a new trial should be ordered.

Appellant's Br. at 7.

Before addressing Appellant's issue on appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at 9545(b)(3). The PCRA's timeliness requirements are

- 2 -

jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Appellant did not seek allocatur to the Pennsylvania Supreme Court or petition the United States Supreme Court for review, and thus his judgment of sentence became final on August 11, 2022, ninety days after this Court affirmed on direct appeal.[2] For Appellant's PCRA petition to be timely, it must have been filed within one year—by August 11, 2023. Consequently, Appellant's instant PCRA petition, filed on September 1, 2023, is untimely. However, Appellant filed various correspondences with the court prior to filing his instant PCRA petition, and this Court has reviewed the certified record to determine if any of those correspondences raised claims cognizable under the PCRA.

On August 9, 2022, Appellant wrote a letter to the clerk of courts asking for a status update on his "post sentence motions and the direct appeal, Allowance of Appeal." *Pro Se* Letter, 8/9/22. Appellant raised no other claims in that letter. On February 1, 2023, Appellant wrote a letter to the clerk of courts which stated that he was "currently preparing to file a PCRA" and

---

[2] The trial court states that Appellant's judgment of sentence became final on June 13, 2023, Tr. Ct. Op., 3/8/24, at 1, which is thirteen months from the date this Court affirmed on direct appeal. According to our calculation, Appellant's judgment of sentence became final on August 11, 2022, ninety days after the date this Court affirmed on direct appeal.

- 3 -

requested documents. *Pro Se* Letter, 2/1/23. The letter raised no claims cognizable under the PCRA. The clerk of courts indicated that the documents were sent on February 6, 2023.

Next, Appellant wrote a letter to the trial court judge dated July 7, 2023 and filed August 9, 2023, complaining that his attorney had not sent him any documents. *Pro Se* Letter, 7/7/23, at 1. He alleged a complete breakdown in the communication with his attorney, Timothy Ross, Esq., and asked the court to order his attorney to send him the requested documents. *Id.* He stated that this is the "third attorney that did not do his job and abandon[ed] me." *Id.* at 2. He further wrote, "P.S. Could you also appoint me new counsel for my pending P.C.R.A. appeal due to Mr. Ross's obvious ineffectiveness and abandonment?" *Id.* at 1.

On August 22, 2023, the trial court issued an order acknowledging receipt of Appellant's prior correspondence. The trial court attached to the order copies of each document Appellant sought. The order further denied Appellant's request for new counsel "[a]s there is nothing pending before the [c]ourt." Order, 8/22/23. Thus, the court did not construe Appellant's letter as a PCRA petition and advised Appellant that he had no matters pending. Appellant's next filing was his PCRA petition, dated September 1, 2023 and filed September 13, 2023. Therefore, the PCRA court had no jurisdiction to entertain Appellant's request for PCRA relief.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Here, Appellant did not invoke any of the above exceptions or attempt to plead or prove them in his brief. In his PCRA petition, he checked the boxes alleging that he could prove each exception. Regarding the government interference exception, Appellant attached exhibits to his petition attempting to show that the Department of Corrections confiscated a correspondence from his previous counsel, Timothy Ross. The confiscation slip is dated September 6, 2022. Appellant has not demonstrated that the confiscation of

- 5 -

that correspondence prevented him from filing a PCRA petition by August 11, 2023.

Regarding the newly-discovered evidence exception and newly-recognized constitutional right exception, Appellant states the following:

Jury mislead by its instructions of the said Judge jury instructions after me a pro se filer found evidence of transcripts and other evidence for a new trial under new evidence.

PCRA Petition, 9/1/23, at 3 (unnecessary capitalization omitted).

Appellant makes various other assertions in his petition such as a weight of the evidence claim, that "hearsay laws violat[ed] my constitutional rights," and that he had "ineffective counsel at every stage." *Id.* at 4. None of the claims in Appellant's PCRA petition are sufficient to prove any of the PCRA timeliness exceptions, and he abandons most of these claims in his brief. As stated above, Appellant's brief instantly before this court does not even mention the timeliness exceptions. Appellant's sole argument in his brief sets forth a policy position regarding the ability of jurors to access their cellphones during deliberation.

Based on the foregoing, Appellant has failed to plead and prove an exception to the PCRA's time-bar. Accordingly, the PCRA court and this Court has no jurisdiction to entertain Appellant's claim. Therefore, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 11/26/2024