J-S42032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON SAWYER | : | |
| | : | |
| Appellant | : | No. 3567 EDA 2019 |

Appeal from the Order Entered November 15, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012941-2011

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED NOVEMBER 30, 2020**

Brandon Sawyer ("Sawyer") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On July 23, 2011, Sawyer was arrested and charged with the murder of Charmaine McGuilken ("McGuilken") and related offenses in connection with a November 4, 2008, shooting in West Philadelphia, Pennsylvania.

On October 29, 2013, a jury found Sawyer guilty of first-degree murder, carrying a firearm on public streets in Philadelphia, and possessing instruments of crime.[1]  The trial court subsequently sentenced Sawyer to an aggregate term of 42½ years to life in prison.

---

[1] 18 Pa.C.S.A. §§ 2502(a), 6108, 907(a).

On June 1, 2015, this Court affirmed Sawyer's judgment of sentence, and on November 24, 2015, our Supreme Court denied allowance of appeal. *See Commonwealth v. Sawyer*, 122 A.3d 1118 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 128 A.3d 1206 (Pa. 2015).

Following an unsuccessful first PCRA Petition, on May 5, 2018, Sawyer filed the instant, counseled, PCRA Petition. On June 17, 2018, Sawyer filed a supplemental Amended PCRA Petition. The PCRA court conducted bifurcated evidentiary hearings. On November 15, 2019, the PCRA court dismissed Sawyer's PCRA Petition as untimely filed. Sawyer filed a timely Notice of Appeal.

Sawyer now presents the following claims for our review:

I. Did the PCRA [c]ourt err in finding that the newly[-]discovered evidence was untimely?

II. Did the PCRA [c]ourt err in its[] application of the law related to stipulated facts?

III. Did [the] PCRA [c]ourt err in finding that there was insufficient evidence that Det[ective James] Pitts [("Detective Pitts")] engaged in the unconstitutional pattern and practice in [Sawyer]'s case?

IV. Did the PCRA [c]ourt's credibility findings[,] as to witnesses presented in the instant case[,] are [*sic*] not supported by an objective reading of the record and/or are arbitrary and capricious?

Brief for Appellant at 3.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the

evidence of the record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final."  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."  **Id.** § 9545(b)(3).  The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.  **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Sawyer's judgment of sentence became final on February 22, 2016, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired.  **See** 42 Pa.C.S.A. § 9545(b)(3); SUP. CT. R. 13.  Thus, Sawyer's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws or this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

In his first claim, Sawyer purports to invoke both the newly-discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), and the interference by government officials exception at 42 Pa.C.S.A. § 9545(b)(1)(i). *See* Brief for Appellant at 10, 14.

First, in purporting to invoke the newly-discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii), Sawyer asserts that Detective Pitts, who was the lead detective investigating the death of McGuilken, had engaged in unconstitutional and coercive practices in questioning defendants and witnesses. Brief for Appellant at 13-14. Sawyer claims that Judge Teresa Sarmina's ("Judge Sarmina") ruling in *Commonwealth v. Thorpe*, No. CP-51-CR-0011433-2008 (Phila. Cty. Filed Nov. 3, 2017), constituted a new "fact" because it established that Detective Pitts had engaged in a habit of

unconstitutional and coercive behavior when questioning defendants and witnesses. *Id.* at 11-12.

Second, Sawyer purports to invoke the interference by government officials exception at 42 Pa.C.S.A. § 9545(b)(1)(i), and argues that "Det[ective] Pitts covered up his pattern and practice of abuse." Brief for Appellant at 13-14. Sawyer contends that evidence and knowledge of Detective Pitts's behavior was "only known to government officials." *Id.* at 17. In support of this claim, Sawyer asserts that Philadelphia Police Department's Office of Internal Affairs was aware of the claims against Detective Pitts. *Id.* at 15-17.

The PCRA court addressed the timeliness of Sawyer's PCRA Petition as follows:

> [Sawyer fails to satisfy the] timeliness requirement [] because he was aware of the allegations against [Detective] Pitts well before Judge Sarmina's decision and failed to conduct a diligent investigation to secure evidence. In [Sawyer]'s **first** counseled PCRA [P]etition, he claimed that had trial counsel investigated Detective Pitts'[s] interrogation techniques, he would have discovered a pattern and practice of coercing individuals into giving false statements. To buttress his claim, [Sawyer] attached an April 2016[,] Philadelphia Daily News article describing civil lawsuits that accused Detective Pitts of misconduct. In dismissing the claim on collateral review, th[e PCRA] court held, and th[is C]ourt affirmed, that [Sawyer] failed to carry his burden of proof, as he merely cited a Philadelphia Daily News article[] and three unrelated civil matters alleging specific instances of misconduct.
>
> The procedural scenario of the instant matter closely comports with what th[is Court] previously reviewed in **Commonwealth v. [] Ambrose**, [220 A.3d 674] (Pa. Super. [] 2019) [(unpublished memorandum)]. In **Ambrose**, the appellant sought relief on a second and subsequent petition pursuant to the

- 5 -

newly-discovered fact exception, citing Judge Sarmina's holding in **Thorpe**. In rejecting the appellant's claim, th[is Court] noted that it had upheld the dismissal of a similar unsupported allegation against Detective Pitts in [the appellant's] prior PCRA petition. Despite the appellant's claim that the **Thorpe** holding constituted further proof of Detective Pitts'[s] misconduct, th[is Court] explained that the appellant could not establish that the fact of Detective Pitts'[s] misconduct was previously unknown to him or that he performed due diligence, as the same claim was raised in a previous petition.

The instant [P]etition is untimely for the same reasons. While the previously presented newspaper article and reference to other matters could not be considered evidence on their own, [Sawyer] should have been alerted to the existence of admissible evidence upon learning of the allegations. [Sawyer] fails to demonstrate that he conducted a diligent investigation to secure that evidence prior to filing his previous PCRA claim. Instead, [Sawyer] waited until after Judge Sarmina issued her ruling before filing his claim[.]

This delay in filing precludes [Sawyer] from carrying his burden pursuant to the PCRA time bar. Accordingly, [Sawyer] cannot now establish that the facts were unknown to him prior to the filing of the instant [P]etition, or that he acted diligently in securing the evidence supporting the instant claim. As such, the instant [P]etition is untimely and [Sawyer] fails to meet an exception to the PCRA time bar.

PCRA Court Opinion, 12/7/19, 6-7 (some internal citations omitted) (emphasis added).

We agree with and adopt the reasoning of the PCRA court. **See id.**; **see also Commonwealth v. Hawkins**, 953 A.2d 1248, 1253 (Pa. 2006) (stating that when a petitioner invokes the governmental interference exception of 42 Pa.C.S.A. § 9545(b)(1)(i), the petitioner must demonstrate due diligence in obtaining the facts at issue); **Commonwealth v. Edminston**, 65 A.3d 339, 350 (Pa. 2013) (stating that the newly-discovered fact exception at 42

Pa.C.S.A. § 9545(b)(1)(ii) also requires a petitioner to demonstrate due diligence in obtaining the facts at issue); ***Commonwealth v. Watts***, 23 A.3d 980, 986 (Pa. 2011) (stating that judicial decisions are not "facts" that would invoke 42 Pa.C.S.A. § 9545(b)(1)(ii)).  Accordingly, because Sawyer's second PCRA Petition is untimely and he failed to successfully plead and prove any of the timeliness exceptions, this Court lacks the jurisdiction to determine the merits of Sawyer's first claim.

In his remaining three claims, Sawyer fails to identify or invoke any of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii).  Rather, Sawyer challenges the PCRA court's determination that Detective Pitts's actions in Sawyer's case did not comport with Detective Pitts's actions in other cases, including ***Thorpe***; that the PCRA court erred in determining that there was insufficient evidence to find that Detective Pitts engaged in an "unconstitutional pattern and practice" in Sawyer's case; and, that the PCRA court's credibility findings were unsupported by the record.  Brief for Appellant at 30-32, 33-48, 49-64.  In these remaining claims, Sawyer has failed to invoke any of the exceptions to the PCRA time bar and, thus, this Court has no jurisdiction to address the merits of these claims.  ***See Albrecht***, ***supra***.

Based upon the foregoing, the PCRA court did not err in dismissing Sawyer's Petition as untimely filed.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/30/2020*