J-S32038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :              PENNSYLVANIA
                                     :
                v.                       :
                                     :
                                     :
JOSHUA JOHNSON                :
                                     :
              Appellant             :    No. 552 WDA 2021

Appeal from the PCRA Order Entered March 23, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0015768-2015

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED: NOVEMBER 12, 2021**

Joshua Johnson ("Johnson") appeals from the Order dismissing his second Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 17, 2015, Deron McCray ("McCray") was shot and killed inside of his home in the 1400 block of Chicago Street, Pittsburgh, Pennsylvania. During the investigation, the police secured surveillance video of the area surrounding the home, which depicted three men fleeing McCray's residence immediately after the shooting. The police identified Johnson as one of the three men shown on the surveillance footage. The police contacted Johnson and, during an interview, Johnson confessed that on November 17,

2015, he was at McCray's house, with his cohorts "Reese" and "G,"[1] to rob McCray. Additionally, Johnson told the police that, after McCray had opened the door, "G" shot McCray in the chest. Johnson then fled the scene before meeting up with "G" at Bethany Church, at which time Johnson agreed to hide the firearm.

On January 27, 2016, the Commonwealth charged Johnson with the shooting death and robbery of McCray. On November 7, 2016, Johnson pled guilty to third-degree murder, robbery, and criminal conspiracy.[2] The trial court sentenced Johnson to an aggregate prison term of 12½ to 30 years. Johnson did not file any post-sentence motions or a direct appeal.

On March 23, 2018, Johnson filed a *pro se* PCRA Petition, his first. The PCRA court appointed Brian McDermott, Esquire ("Attorney McDermott"), as Johnson's PCRA counsel, who subsequently filed a ***Turner***/***Finley*** letter and a Motion to withdraw from representation. Thereafter, the PCRA court denied Johnson's PCRA Petition and granted Attorney McDermott's Motion to withdraw. Johnson filed a timely, *pro se*, Notice of Appeal, but failed to file an appellate brief, and this Court dismissed his appeal. ***See*** Order, 4/9/19, at 1.

_____

[1] Police subsequently provided Johnson with a photo array and Johnson identified "G" as an individual named Antwan Harris. "Reese" was not identified.

[2] 18 Pa.C.S.A. §§ 2502, 3701(a)(1)(i), 903.

Sometime after this case was dismissed, the Allegheny County District Attorney's Office received a letter from Randy Johnson ("Randy"), Johnson's brother, in which Randy claimed that he, not Johnson, was involved in the shooting death of McCray. The Allegheny County District Attorney's Office forwarded this letter to Attorney McDermott, and the PCRA court re-appointed Attorney McDermott as Johnson's PCRA counsel. Subsequently, on February 14, 2020, Attorney McDermott filed a second PCRA Petition titled "Amended PCRA Petition."

The PCRA court conducted a hearing, at which Randy invoked his Fifth Amendment right to remain silent. After the PCRA hearing, the PCRA court dismissed Johnson's Amended PCRA Petition as untimely filed.

Johnson filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Johnson now raises the following the claim for our review: "Did the [PCRA] court err when it denied the request for a new trial in [Johnson]'s [A]mended PCRA [P]etition?" Brief for Appellant at 4.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Johnson's judgment of sentence became final on December 7, 2016, when the time to file an appeal with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thereafter, Johnson had until December 20, 2017, to file a timely PCRA petition. Johnson did not file his instant, second, PCRA Petition until February 14, 2020. Thus, Johnson's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws or this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

Johnson purports that Randy's confession letter constitutes "after-discovered" evidence and that Johnson is, thus, entitled to a new trial. Brief for Appellant at 11-14.

Throughout his brief, Johnson conflates the newly-discovered facts timeliness exception to the PCRA, pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii), with the "after-discovered" evidence test, pursuant to 42 Pa.C.S.A. § 9543(a)(2). *See* Brief for Appellant at 11-14; *see also **Commonwealth v. Bruton***, 158 A.3d 618, 629 (Pa. 2017) (reiterating that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S.[A.] § 9543(a)(2)."). Our review of Johnson's PCRA Petition, similar to his appellate brief, reveals that Johnson conflates "after-discovered" evidence with the "newly-discovered" facts timeliness exception. *See* Amended PCRA Petition, 2/14/20, at 5-7 (unpaginated). In both his PCRA Petition and his appellate brief, Johnson fails to recognize that

- 5 -

his PCRA Petition is time-barred and fails to plead and prove an exception to the PCRA's timeliness requirements.[3]

Accordingly, Johnson has not successfully invoked an exception to the PCRA timeliness requirement, and this Court lacks jurisdiction to consider the merits of Johnson's PCRA Petition. **See Spotz**, **supra**; **Commonwealth v. Shannon**, 184 A.3d 1010, 1015-16 (Pa. Super. 2018) (outlining the requirements of the newly-discovered fact exception). Based upon the foregoing, we conclude that the PCRA court properly dismissed Johnson's second PCRA Petition, and we affirm the Order.

Order affirmed.

_____

[3] We note that in his PCRA Petition, Johnson baldly avers that "[Johnson] is not time barred pursuant to 42 Pa.C.S.A. [§] 9545(b) in that the facts upon which the claim is predicated were unknown to [Johnson] and could not have been ascertained by the exercise of due diligence." PCRA Petition, 2/14/20, at 3 (unpaginated). However, Johnson provides no argument or analysis with regards to Section 9545(b), but rather launches directly into his argument that he is entitled to a new trial pursuant to Section 9543(a)(2). **See** PCRA Petition, 2/14/20, at 4-7 (unpaginated). Additionally, Johnson provides no argument regarding Section 9545(b) in his appellate brief, save for the same bald averment that his claim is not time barred. **See** Brief for Appellant at 11-14; **see also Spotz**, **supra**; **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. super. 2010) (explaining that the PCRA petitioner must "*explain why he could not have obtained the new fact*(s) …. This rule is strictly enforced").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/12/2021