J-S03011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH HAROLD BURNO JR. | : | |
| | : | |
| Appellant | : | No. 1444 EDA 2022 |

Appeal from the PCRA Order Entered June 3, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000330-2003

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:         **FILED FEBRUARY 28, 2023**

Kenneth Harold Burno, Jr. appeals *pro se* from the June 3, 2022 order dismissing his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA") as untimely. We affirm.

On April 26, 2004, Appellant was convicted of first-degree murder, unsworn falsification to authorities, and criminal conspiracy in connection with the shooting death of John Irwin Davis, Jr. On September 27, 2004, Appellant was sentenced to life imprisonment without the possibility of parole. Post-sentence motions were denied and a timely direct appeal followed. On July 25, 2005, this Court affirmed Appellant's judgment of sentence. ***See Commonwealth v. Burno***, 883 A.2d 685 (Pa.Super. 2005) (unpublished memorandum). Appellant filed a petition for allowance of appeal ("PAA"), which was denied on December 8, 2005. ***See Commonwealth v. Burno***, 889 A.2d 1213 (Pa. 2005).

Appellant filed a timely *pro se* PCRA petition, claiming trial counsel had provided ineffective assistance. Appointed counsel submitted an amended petition and the court held an evidentiary hearing. Following the hearing, the PCRA court denied Appellant's petition. Appellant appealed and this Court affirmed the PCRA court's order denying the petition. **See Commonwealth v. Burno**, 34 A.3d 221 (Pa.Super. 2011) (unpublished memorandum). Appellant subsequently filed a PAA, which was also denied. **See Commonwealth v. Burno**, 49 A.3d 441 (Pa. 2012).

On March 25, 2022, Appellant *pro se* filed a second PCRA petition, which is the subject of this appeal. The PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing after concluding that it was untimely filed. After reviewing Appellant's objections to the Rule 907 notice, the PCRA court dismissed the petition as untimely. **See** Order, 6/3/22, at 1. This appeal followed.[1] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the prosecuting attorney carries a special aura of legitimacy, whereas the prosecutor's opinion carries with it

---

[1] Appellant filed his notice of appeal after the PCRA court had announced that his petition was dismissed, but before the court entered the order dismissing the petition on the docket. The Pennsylvania Rules of Appellate Procedure instruct us that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5). Accordingly, we treat the prematurely filed notice of appeal as timely filed after the entry of the final order.

the imprimatur of the government and induce the jury to trust the government's judgment rather than its own?

2. Whether the second PCRA petition was timely filed pursuant to **United States v. Johnson**[, 12 F.3d 1548 (10th Cir. 1993)]?

Appellant's brief at 3.

We begin with the pertinent legal principles. "This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa.Super. 2018). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **See Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa.Super. 2014). However, we apply a *de novo* standard of review to the PCRA Court's legal conclusions. **See Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011).

Pursuant to the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9543(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

- 3 -

The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)-(iii)." *Id*. The three narrow exceptions to the one-year time bar are as follows: "(1) interference by governmental officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa.Super. 2012). Additionally, a PCRA petitioner must present his claim within one year of the date the claim first could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Appellant's petition, filed more than sixteen years after his judgment of sentence became final, is patently untimely. However, Appellant avers that he can overcome the PCRA time bar by the application of the governmental interference and newly discovered facts exceptions. *See* Appellant's brief at 7-8; *see also* PCRA petition, 3/25/22, at 3, 5-6. We disagree.

The governmental interference exception permits an otherwise untimely PCRA to be filed if a petitioner pleads and proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i). In other words, Appellant was required to show that but for the interference of a government actor "he could not have filed his claim earlier." *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

Here, Appellant contends that the Commonwealth committed government interference during closing arguments at his trial, when the prosecutor suggested that Appellant was guilty of the crimes charged. **See** Appellant's brief at 7; **see also** PCRA petition, 3/25/22, at 4-5. Additionally, Appellant avers that he filed the petition within sixty days of discovery of the illegality.[2] **Id**. The PCRA court found that Appellant's reliance on the governmental interference exception was misplaced, since his allegations "have nothing to do with his failure to file a timely PCRA petition." **See** PCRA Court Opinion, 10/21/22, at 14. We agree. Our review of the record confirms that Appellant has never averred that the government interfered with his ability to file a timely PCRA petition. Thus, the governmental interference exception does not apply.

Next, Appellant asserts that he has pled a newly discovered fact exception in order to overcome the PCRA time-bar.[3] **See** PCRA Petition,

---

[2] As of December 2018, the Pennsylvania legislature extended the sixty-day period to assert an exception to one year. 42 Pa.C.S. § 9545(b)(2).

[3] Appellant appears to have conflated the newly discovered fact exception to the PCRA time bar with a substantive after-discovered evidence claim. **See** 42 Pa.C.S. § 9543(a)(2)(vi). However, these are distinct analyses. Satisfaction of the newly discovered fact exception is a prerequisite to a successful substantive after-discovered evidence claim. **See** **Commonwealth v. Diggs**, 220 A.3d 1112, 1117 (Pa.Super. 2019) (explaining that we must first discern whether we have jurisdiction before proceeding to an analysis of the merits of an after-discovered evidence claim). Accordingly, insofar as Appellant argues he met the after-discovered evidence exception, we interpret his argument to include an averment that the newly discovered fact exception applies.

3/25/22, at 6; Appellant's brief at 8-10. The newly discovered fact exception set forth at § 9545(b)(1)(ii) has two components, which must be alleged and proven as an initial jurisdictional threshold. *Commonwealth v. Diggs*, 220 A.3d 1112, 1117 (Pa.Super. 2019). Namely, the petitioner must establish that: (1) the facts upon which the claim was predicated were unknown to the petitioner; and (2) they could not have been ascertained by the exercise of due diligence. *See* 42 Pa.C.S. § 9545(b)(1)(ii); *see also Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). In this context, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests" and explain why he could not have learned the new facts earlier with the exercise of due diligence. *Commonwealth v. Burton*, 121 A.3d 1063, 1069 (Pa.Super. 2015).

Appellant asserts that from February 18, 2022 until March 10, 2022, he conducted research and reviewed the trial transcripts pertaining to his case with the assistance of a legal assistant at the prison library. *See* Appellant's brief at 8; *see also* PCRA petition, 3/25/22, at 6. On March 15, 2022, the legal assistant discovered alleged evidence of trial counsel's ineffectiveness, wherein counsel "failed to object to the prosecutor expressing his personal opinions about the guilt and credibility of [Appellant]" during closing arguments. *See* Appellant's brief at 8. Since Appellant was unaware of counsel's oversight until the legal assistant discovered it, Appellant argues that the testimony contained in the trial transcript should be deemed newly

discovered facts.  *Id*. at 10.  Appellant further contends that he has shown

the necessary due diligence because he filed his PCRA petition within sixty

days of discovering counsel's alleged ineffectiveness.[4]  *Id*. at 4.

After reviewing the record, the PCRA court disagreed, explaining:

> The allegations which [Appellant] asserts do not rise to the level of newly discovered facts, as the focus on this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> In the case at bar, this Court finds that [Appellant] was previously aware of all of the prosecutor's remarks since he was in the courtroom during his jury trial at the time those comments were made.  One does not have to be a trained attorney with a degree in criminal law, as suggested by [Appellant], to conclude whether any comments made by the prosecutor were inappropriate or attempted to use "undue influence" on the jury.  As such, [Appellant] was aware of the prosecutor's comments well in advance of his alleged recent "discovery" of the transcripts.
>
> In fact, the transcripts merely reflect what happened in court, in [Appellant's] presence, and were not a newly discovered fact.  Rather, they were a new source of information previously known to [Appellant].  Once again, the information used as a basis for the "newly discovered evidence" argument has been available to [Appellant] for [eighteen] years.  [Appellant] also failed to provide a valid explanation as to why he could not have obtained the transcripts earlier with due diligence.

PCRA Court Opinion, 10/21/22, at 6-7 (quotation and citation omitted).

Our review of the certified record confirms the PCRA court's findings that

Appellant has not uncovered any new facts.  Appellant was well aware of the

contents of the prosecutor's closing argument at the time it was given because

---

[4]  As mentioned above, 42 Pa.C.S. § 9545(b)(2) was amended, effective December 24, 2018, to extend the time for filing a timeliness exception from sixty days to one year.  Appellant's reference to the outdated standard is of no moment in this matter.

he was present. Thus, the transcripts relied upon by Appellant amount only to a new source of facts that were known to Appellant at the time of his trial. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) ("[T]he focus of [the § 9545(b)(1)(ii)] exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." (quotation and citation omitted)). Furthermore, Appellant has offered no explanation for why he waited eighteen years to pursue this claim. *See Burton*, *supra* at 1069. Accordingly, Appellant has failed to establish the newly discovered fact exception to the PCRA time-bar.

Based on the foregoing, we find the PCRA court's conclusion that Appellant's petition was untimely to be fully supported by the record and free of legal error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023