J-S27002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CRAIG GARDNER | : | |
| | : | |
| Appellant | : | No. 2209 EDA 2023 |

Appeal from the PCRA Order Entered August 14, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014238-2013

BEFORE: LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.: **FILED NOVEMBER 4, 2024**

Craig Gardner appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the facts of this case as follows:

On September 29, 2013, the complainant received a phone call from [Gardner] who asked to meet her at 53rd Street and Race Street in the City and County of Philadelphia, Pennsylvania[,] to retrieve some of his belongings. The complainant was in a relationship with [Gardner], from which they have a child together. When the complainant arrived, [Gardner] began to bang on her driver[-]side car window. When she rolled down the window, [Gardner] punched her on the left side of her face and pulled her out of the car. [Gardner] dragged her into his mother's house and continued to hit the complainant. [Gardner] then dragged her to the back upstairs bedroom. [Gardner] pushed the complainant down onto the sofa. [Gardner] forced the

_____

[*] Retired Senior Judge assigned to the Superior Court.

complainant to have sexual intercourse. He penetrated her vagina with his penis and ejaculated. After the rape[, Gardner] asked [the complainant] where her phone was and punched her in the stomach. After the complainant put her clothes on, [Gardner] slammed her onto the floor. [Gardner] walked the complainant to her car where she refused to kiss [him]. He then smacked and choked her through the car window. The complainant was eventually able to drive away. She pulled to the side of the road and hit the On Star button in her car to call the police. [Police] Officer [Terrell] Greene arrived at the scene and the complainant reported what happened to the officer.

The complainant was taken to the Special Victims Unit[,] where she gave a statement to Detective [Mark] Webb and was examined by Geneka Miles, a sexual assault nurse examiner. [Nurse] Miles took a report from the complainant and performed a physical examination. [Nurse Miles] testified that there was tenderness of the cervical spine of [complainant's] neck. Also, there was tenderness of the labia majora and minora[] and perineum.

PCRA Court Opinion, 10/27/23, at 1-2 (citations and unnecessary capitalization omitted).

Following a nonjury trial, the court found Gardner guilty of rape by forcible compulsion, sexual assault, indecent assault without the consent of another, simple assault, recklessly endangering another person, and false imprisonment. On November 25, 2015, after deferring sentencing pending the preparation of a presentence investigation report and assessment by the Sexual Offenders Assessment Board, the court sentenced Gardner to an aggregate term of 10 to 20 years' incarceration.

Gardner filed a notice of appeal to this Court, and we affirmed his judgment of sentence on May 5, 2017. *See Commonwealth v. Gardner*, 170 A.3d 1191 (Pa. Super. 2017) (Table). The Pennsylvania Supreme Court

denied Gardner's petition for allowance of appeal on December 19, 2017. *Id.*, 176 A.3d 847 (Pa. 2017) (Table). Thereafter, Gardner filed a timely *pro se* PCRA petition on April 6, 2018. The court appointed counsel, who filed an amended PCRA petition. On December 10, 2020, the PCRA court dismissed Gardner's petition without a hearing. Gardner appealed, and on April 20, 2022, this Court affirmed. *Id.*, 277 A.3d 1154 (Pa. Super. 2022) (Table). The Pennsylvania Supreme Court again denied Gardner's petition for allowance of appeal. *Id.*, 284 A.3d 448 (Pa. 2022) (Table).

On October 20, 2022, Gardner, *pro se*, filed the instant PCRA petition. In his petition, Gardner alleges that ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021), decided while Gardner's PCRA petition was pending on collateral appeal with this Court, recognized a new constitutional right and he is entitled to an evidentiary hearing on his claims of ineffective assistance of counsel. ***See generally*** PCRA Petition, 10/20/22. On August 16, 2023, more than one month after issuing notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Gardner's petition as untimely and without merit. ***See*** Rule 907 Notice, 7/12/23; Order, 8/16/23. Gardner filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Gardner raises the following issues for our review:

I. Whether the PCRA court, erred in [dismissing Gardner's petition as] time barred, [] when [Gardner's] petition is timely under the exceptions[] cited to [within the petition]?

II. Whether the PCRA court[] erred in not finding all prior counsel ineffective regarding the issue of sabotaging [Gardner's] evidence of recorded phone conversations containing recantations made by the Commonwealth's alleged victim, and for not conducting an evidentiary hearing on the same?

Appellant's Brief, at 4 (unnecessary capitalization omitted).

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

Prior to addressing the merits of Gardner's appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

For the purposes of the PCRA, Gardner's judgment of sentence became final on March 19, 2018, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also*

Pa.R.A.P. 1113; Sup. Ct. R. 13. Gardner had one year from that date, or until March 19, 2019, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Consequently, Gardner's instant PCRA petition, filed on October 20, 2022, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).[1]

_____

[1] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Here, Gardner's claim, that there are missing, potentially exculpatory, phone transcripts between Gardner and the complainant, arose after December 24, 2017, thus, the 2018 amendment applies.
*(Footnote Continued Next Page)*

"The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

In his PCRA petition, Gardner asserts both the newly-discovered facts and newly-recognized constitutional right exceptions. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(ii)-(iii). The newly-discovered facts exception applies where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Id.* at § 9545(b)(1)(ii). The Pennsylvania Supreme Court has held that "the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016) (internal citations and quotation marks omitted).

The newly-recognized constitutional right exception requires the petitioner to "prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Spotz*, 171 A.3d at 679. "These words mean that the action has already occurred, *i.e.*, 'that [the particular] court' has already held the new constitutional right to be retroactive to cases on collateral review." *Id.* The use of past tense in the statutory language of section 9545(b)(1)(iii), therefore, indicates that the

Our Supreme Court decided *Bradley* on October 20, 2021. Gardner filed his petition on October 20, 2022, exactly one year later. Thus, Gardner filed his PCRA petition within the prescribed timeframe. *See* 42 Pa.C.S.A. §§ 9545(b)(1)-(2).

- 6 -

legislature "intended that the right was already recognized at the time the petition was filed." *Id.*

Gardner argues that "as soon as he became aware of [] *Bradley*, he asserted his claims[.]" Appellant's Brief, at 13. Further, Gardner asserts that the *Bradley* Court recognized a new constitutional right, and, thus, he overcomes the time-bar of the PCRA. *Id.* at 14. Gardner argues that, before *Bradley*, "there was absolutely no mechanism in place for [an a]ppellant to raise the ineffective assistance of his appellate PCRA counsel[.]" *Id.* at 12. Gardner further states that the PCRA court's reliance on *Commonwealth v. Stahl*, 292 A.3d 1130 (Pa. Super. 2023), is misplaced because *Stahl* was decided after Gardner filed his instant PCRA petition, and thus he "could not have been aware of any future decisions of the law that had not been created." Appellant's Brief, at 13. Moreover, Gardner argues that prior counsel was ineffective for failing to present facts of his actual innocence, and that this, too, overcomes the PCRA time-bar. *Id.*

We find no merit to Gardner's argument that his petition overcomes the PCRA time-bar, or that it is timely under *Bradley*. First, Gardner's "newly-discovered facts" claim is a list of alleged witnesses without any statement that their testimony, including Gardner's own proposed testimony,[2] was unknown to him and could not have been ascertained through due diligence.

---

[2] Gardner's list of alleged witnesses includes himself, Montel Roberson—Gardner's cousin, "Mark (A.K.A.) White Boy (last name unknown at present)[,]" and Michelle Starling.

*See Cox*, *supra*; *see also Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (appellant must show facts of claim were not known to appellant and could not have been ascertained by due diligence). Moreover, the exhibits attached to Gardner's PCRA petition include information that was allegedly available in 2019, and includes a letter dated January 13, 2020.[3] *See* PCRA Petition, 10/20/22, Exhibits (unnumbered). These exhibits are evidence that, at a minimum, Gardner was aware of his ability to raise this claim as early as January 2020, but failed to do so until October 2022, more than a year later.

Second, Gardner provides no explanation or support for his argument that the *Bradley* Court set forth a new constitutional right. A review of *Bradley* does not reflect the Court's intention to set forth a new constitutional right; rather, it addressed a "**rule-based right** to the appointment of counsel for a first PCRA petition." 261 A.3d at 391 (emphasis added). Along with this right, a petitioner is "entitled to the effective assistance of counsel." *Id.* Ultimately, the *Bradley* Court's decision focused on the best way to recognize "a petitioner's right to effective PCRA counsel[,] while advancing equally legitimate concerns that criminal matters be efficiently and timely concluded." *Id.* at 405.

---

[3] We also note that the letter dated January 13, 2020, written by Peter Levin, Esquire, suggests that certain phone call transcripts that Gardner was trying to obtain did not exist. *See* PCRA Petition, 10/20/22, Exhibit (Letter).

Moreover, the **Bradley** Court stated the following with respect to subsequent petitions:

> we deem the consideration on collateral appeal of claims of PCRA counsel ineffectiveness **to spring from the original petition itself**, and that doing so **does not amount to impermissibly allowing a "second or subsequent" serial petition**. . . . Accordingly, we reject the notion that considering ineffectiveness claims on collateral appeal constitutes a prohibited serial petition, violating the PCRA's one-year time bar.[18]
>
> > [18] We decline to adopt the approach . . . that would deem a petitioner's "discovery" of initial PCRA counsel's ineffective assistance to constitute a "new fact" that was unknown to petitioner, allowing such petitioner to overcome, in a successive petition, the PCRA's time bar provision under the "new fact" exception. We have repeatedly rejected such an understanding of the "new fact" exception to the PCRA's one-year time bar.

**Id.** at 404 & n.18 (Pa. 2021) (citations omitted, emphasis added). **See Stahl**, 292 A.3d at 1136 ("Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right."). As **Bradley** clearly states, the Pennsylvania Supreme Court's decision did not create a new constitutional right, nor did it create a new exception to the PCRA's one-year time bar.

Gardner fails to prove that one of the enumerated exceptions to the PCRA jurisdictional time bar applies to his claim. **See Spotz**, **supra**. Accordingly, the PCRA court correctly determined that it lacked jurisdiction to address Gardner's untimely subsequent petition and we, therefore, affirm the order dismissing the petition without a hearing.

- 9 -

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/4/2024