J-S37028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY STURGIS | : | |
| | : | |
| Appellant | : | No. 809 EDA 2024 |

Appeal from the PCRA Order Entered February 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0903671-1986

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.: **FILED NOVEMBER 5, 2024**

Larry Sturgis (Appellant) appeals, *pro se*, from the order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a non-jury trial in April 1987, Appellant was convicted of first-degree murder and possessing instruments of crime,[1] based on the shooting death of his wife. Pertinent to this appeal, during trial, "the Commonwealth introduced a diary entry written by the victim[,] which detailed past abuse." *Commonwealth v. Sturgis*, 737 A.2d 1279, 4223 PHL 1996 (Pa. Super. 1999) (unpublished memorandum at 1). In part, the diary entry reads:

> On April 2 on Sat. I had to go over his ma'ma house to have someone to go Hospital to fin[d] out that I have broken ribs 4th

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907.

> 5th. You know I had everything done to me. By one man. The only thing he have done is kill me, yet that the only thing left.

*Id.* (unpublished memorandum at 1 n.1).

On October 8, 1987, the trial court sentenced Appellant to life in prison. This Court affirmed Appellant's judgment of sentence on May 4, 1988. *See Commonwealth v. Sturgis*, 545 A.2d 389, 02870 PHL 87 (Pa. Super. 1988) (unpublished memorandum). Appellant did not seek allowance of appeal in our Supreme Court.

In the years that followed, Appellant filed six PCRA petitions.[2] The PCRA court denied relief on all of the petitions, and each was affirmed by this Court on appeal. *See Commonwealth v. Sturgis*, 626 A.2d 650 (Pa. Super. 1993) (unpublished memorandum), *appeal denied*, 634 A.2d 220 (Pa. 1993); *Commonwealth v. Sturgis*, 737 A.2d 1279 (Pa. Super. 1999) (unpublished memorandum); *Commonwealth v. Sturgis*, 778 A.2d 1248 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 796 A.2d 982 (Pa. 2001); *Commonwealth v. Sturgis*, 911 A.2d 187 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 921 A.2d 496 (Pa. 2007);

---

[2] Appellant also filed a petition for writ of *habeas corpus ad subjiciendum*. Because Appellant's *habeas* petition challenged the Department of Corrections' jurisdiction to detain him, the trial court determined "Appellant's claim was properly advanced as a petition for writ of *habeas corpus ad subjiciendum* rather than as a collateral claim under the PCRA." *Commonwealth v. Sturgis*, 153 A.3d 1113, 2779 EDA 2015 (Pa. Super. 2016) (unpublished memorandum at 4). The trial court denied relief, and this Court affirmed. *See id.*

*Commonwealth v. Sturgis*, 105 A.3d 795 (Pa. Super. 2014) (unpublished memorandum); *Commonwealth v. Sturgis*, 241 A.3d 446 (Pa. Super. 2020) (unpublished judgment order).

On April 28, 2022, Appellant, *pro se*, filed the instant PCRA petition, his seventh. Appellant argued our Supreme Court's decision in *Commonwealth v. Fitzpatrick*, 255 A.3d 452 (Pa. 2021),[3] created a new constitutional right which entitles him to relief. On December 7, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response. The PCRA court dismissed Appellant's PCRA petition on February 9, 2024. This timely appeal followed.[4]

On appeal, Appellant contends the *Fitzpatrick* decision established a new constitutional right that entitles him to PCRA relief. *See* Appellant's Brief

_____

[3] In *Fitzpatrick*, our Supreme Court considered the admissibility of a note written by the appellant's wife the day before her death. The note read: "If something happens to me—JOE" (an apparent reference to the appellant). *Fitzpatrick*, 255 A.3d at 459. Eventually, the appellant was charged with his wife's murder, and the trial court admitted the note as evidence. *Id.* at 462-64. Relevantly, on discretionary review, the Supreme Court considered the admissibility of the note under the rule against hearsay. The Court noted that the statement both reflected the wife's state of mind when she wrote it, and contained a factual assertion concerning the appellant's liability. *See id.* at 472-73 (citing Pa.R.E. 803(3) (exceptions to the rule against hearsay—then-existing mental, emotional, or physical condition). The Supreme Court concluded the note was inadmissible hearsay, because it implicated the appellant's state of mind, *i.e.*, contained a factual averment. *Id.* at 483.

[4] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

at 7. In particular, Appellant claims that, under *Fitzpatrick*, statements from his wife's diary constituted inadmissible hearsay. *Id.*

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014).

Initially, under the PCRA, any petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's judgment of sentence became final in June 1988, when the time for petitioning for allowance of appeal in our Supreme Court expired. *See* Pa.R.A.P. 1113 (providing a petition for allowance of appeal must be filed within 30 days after the entry of the Superior Court's order). Appellant's instant PCRA petition, filed more than three decades later, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant explicitly pleads and proves one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii).  Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Appellant attempts to invoke the newly-recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii).  This exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in this section.  Second, it provides that the right "has been held" by "that court" to apply retroactively.  Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively.  The language "has been held" is in the past tense.  These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review.  By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Taylor*, 283 A.3d 178, 187 (Pa. 2022) (citation omitted).

Instantly, Appellant fails to establish the Supreme Court's holding in *Fitzpatrick* created a new constitutional right.  Instead, as the PCRA court explained,

> *Fitzpatrick* does not establish a constitutional right, much less one that is retroactively applicable, as it merely applies already

- 5 -

extant and established legal principles to resolve a dispute over the admissibility of evidence under the hearsay rule and its exceptions (specifically Pa.R.E. 803(3), the state of mind exception). *Fitzpatrick* does not bar all diary or other written recollection evidence on hearsay grounds….

PCRA Court Opinion, 2/9/24, at 1-2 (unnumbered) (some citations omitted).

The PCRA court's conclusion is supported by the record. Appellant fails to identify a new constitutional "right" established by *Fitzpatrick*, nor has he alleged the *Fitzpatrick* Court specifically held any such right shall be retroactively applied. Because Appellant seeks reconsideration of an evidentiary issue, his claim is beyond the scope of the PCRA.[5]

Because Appellant failed to plead and prove an exception to the PCRA's timeliness requirement, the PCRA court properly denied his seventh PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/5/2024

_____

[5] Appellant's argument contains additional broad allegations of error, none of which implicate an exception to the PCRA's time-bar.

- 6 -