J-S44026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD DISCO | : | |
| | : | |
| Appellant | : | No. 778 EDA 2024 |

Appeal from the PCRA Order Entered February 9, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1206261-2001

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 12, 2025**

Richard Disco (Appellant) appeals, *pro se*, from the order dismissing as untimely filed his fourth Post Conviction Relief Act (PCRA) petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

This Court previously summarized the underlying procedural history as follows:

> On May 19, 2003, a jury convicted Appellant of multiple sex offenses related to the abuse of his [minor] stepdaughter [(the complainant)]. On October 2, 2003, the [trial] court sentenced Appellant to an aggregate term of fourteen to twenty-eight years' incarceration.
>
> On August 23, 2005, this Court affirmed Appellant's convictions, but vacated his judgment of sentence and remanded the case to the trial court for resentencing. ***Commonwealth v. Disco***, 885 A.2d 574 (Pa. Super. 2005). On June 8, 2006, the trial court resentenced Appellant to an aggregate term of ten to twenty years of incarceration. Appellant filed an appeal to this Court, which he discontinued on February 9, 2007.

On June 11, 2007, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition. On February 9, 2009, the PCRA court dismissed Appellant's petition. This Court affirmed the dismissal order on August 30, 2010, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 29, 2011. **Commonwealth v. Disco**, 11 A.3d 1042 (Pa. Super. 2010) (unpublished memorandum), **appeal denied**, 19 A.3d 1049 (Pa. 2011).

**Commonwealth v. Disco**, 266 A.3d 657, 1676 EDA 2020 (Pa. Super. 2021) (unpublished memorandum at 1-2) (some citations and brackets omitted; citations modified).

Appellant subsequently filed, *pro se*, second and third PCRA petitions, both of which were facially untimely. Because Appellant failed to plead and prove any exception to the PCRA's one-year jurisdictional time-bar,[1] the PCRA court dismissed the petitions, after which this Court affirmed the dismissals. **See id.** (unpublished memorandum at 12-15); **Commonwealth v. Disco**, 220 A.3d 680, 3274 EDA 2017 (Pa. Super. 2019) (unpublished memorandum at 4-5).

On November 4, 2022, over 15 years after Appellant's judgment of

---

[1] **See** 42 Pa.C.S.A. § 9545(b)(1) (providing all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final); **id.** § 9545(b)(1)(i-iii) (identifying the PCRA's three time-bar exceptions, which we collectively refer to as the "timeliness exceptions").

sentence became final,[2] Appellant filed the instant *pro se* PCRA petition, his fourth. Appellant conceded the facial untimeliness of his petition, but asserted he met the timeliness exception for newly-discovered facts, codified at 42 Pa.C.S.A. § 9545(b)(1)(ii). ***See*** PCRA Petition, 11/4/22, at 4, 7-8. Appellant claimed he recently discovered new information, which revealed that the complainant had fabricated her abuse accusations and trial testimony against Appellant. ***Id.*** at 5 (Appellant asserting his discovery of "new evidence that [the complainant] made false statements that greatly undermines [the] credibility of her trial testimony in [Appellant's] case."). On September 18, 2023, Appellant filed a substantially similar, amended *pro se* PCRA petition.

Appellant attached to his PCRA petition, and amended petition, numerous documents (collectively, "PCRA exhibits"). According to Appellant, the PCRA exhibits support his claim of a "new fact," *i.e.*, his discovery of the complainant's fabrication of her trial testimony. The PCRA exhibits included, *inter alia*,[3]

---

[2] For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review … or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Instantly, Appellant's judgment of sentence became final on February 9, 2007, when he discontinued his appeal following resentencing. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1973.

[3] The PCRA exhibits also included (1) excerpts from Appellant's 2003 jury trial, PCRA Petition, 11/4/22, Ex. E; (2) a police report from 2001, detailing Appellant's abuse of the complainant, ***id.***, Ex. A; and (3) a victim impact statement, purportedly authored by the complainant's mother in 2003, regarding Appellant's case. ***Id.***, Ex. D. However, as Appellant has been aware
*(Footnote Continued Next Page)*

(1) A police report and witness statements, purportedly compiled by a private investigator in April 2022, regarding an unrelated civil case (the Merlino case) that the complainant filed in the State of Florida in March 2022, wherein she sought a protection from abuse order against Joseph Merlino (Merlino). PCRA Petition, 11/4/22, Exs. B, C, F, G;[4]

(2) An online blog article published in 2015 (blog article), which detailed an interview of the complainant. *Id.*, Ex. H; and

(3) An Instagram social media post, purportedly authored by the complainant (Instagram post),[5] which described Appellant's crimes against the complainant. Amended PCRA Petition, 9/18/23, Ex. A.

Regarding the Instagram post, the PCRA court explained as follows:

In th[e] unauthenticated Instagram post, the complainant appears to assert that [Appellant] sexually abused her on more than the two occasions to which the complainant had testified at trial. *See* [*id.*] The complainant allegedly avers in the purported Instagram post that she "lost count" of the number of times [Appellant] sexually abused her "throughout the years[,"] a

_____

of these documents for over two decades, they do not constitute newly-discovered facts. *See Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (stating that the newly-discovered fact exception, which we address further below, requires a petitioner to demonstrate, *inter alia*, that "he did not know the facts upon which he based his petition." (citation omitted)).

[4] The witness statements taken in connection with the Merlino case were from the complainant's sister, J.D.; the complainant's mother, D.F.; the complainant's father, A.D.; and a friend of Merlino, S.F. *See generally* PCRA Petition, 11/4/22, Exs. C, F, G. These witnesses commented on, *inter alia*, their opinions of the complainant's credibility in relation to the Merlino case. *See id.*

[5] The PCRA court found that the Instagram post had "an alleged publication date of December 17, 2021[.]" Notice Pursuant to Pa.R.Crim.P. 907, 12/7/23, at 1 (unpaginated). The Instagram post listed the complainant's full name as the username associated with the post. Amended PCRA Petition, 9/18/23, Ex. A.

characterization of events diverging from [the complainant's] trial testimony of two occurrences of sexual abuse, once at age 11 and again at age 21. [*Id.*] Further, in the [Instagram] post, the complainant recounts that the abuse occurred [when she was] 12 [years old,] and additionally includes a new allegation, not presented at trial, that [Appellant] beat her. [*Id.*]

PCRA Court Opinion, 2/9/24, at 2 n.3 (unpaginated).

The Commonwealth did not respond to Appellant's PCRA petition or amended petition. On December 7, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice (907 Notice) of its intent to dismiss Appellant's petition without an evidentiary hearing. The 907 Notice stated the court lacked jurisdiction to address Appellant's petition because it was untimely filed, and Appellant had failed to establish the newly-discovered fact exception (or any other timeliness exception). The court reasoned as follows:

Concerning the police report[] and [witness statements] related to the Merlino case, [Appellant] fail[s] to support the notion that the [purportedly] "false" averments made by the complainant in [the Merlino] case substantiate, in any way, the claim that the complainant fabricated allegations against [Appellant in his criminal] case. Likewise, [Appellant has] failed to substantiate the purported Instagram post on grounds of lack of authentication. However, granting for argument's sake that the [Instagram] post is authentic, the complainant's recounting of facts in the [Instagram] post cannot support the claim that the complainant fabricated her testimony [at Appellant's trial], as [the content of the Instagram post] merely deviates in small details from [the complainant's] prior testimony and insists on [Appellant's] criminal responsibility, instead of serving as a recantation. Moreover, whether or not [Appellant] personally engaged in certain volitional conduct in relation to the complainant is a matter of [Appellant's] own personal knowledge, or imputed as such, and consequently, could not have been unknown to [Appellant].

907 Notice, 12/7/23, at 1-2 (unpaginated) (punctuation modified). Appellant filed a *pro se* response to the 907 Notice on January 19, 2024.

On February 9, 2024, the PCRA court dismissed Appellant's fourth PCRA petition as untimely filed. Appellant timely filed a *pro se* notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court issued a Rule 1925(a) opinion on February 28, 2024.[6]

On appeal, Appellant presents two issues for our review:

I.   Did the PCRA court err when it dismissed Appellant's PCRA petition filed on November 4, 2022, claiming newly[-]discovered facts that undermine the validity of Appellant's conviction[,] when the newly[-]discovered facts prove that the complainant's testimony is unreliable to support a conviction of sexual abuse?

II.  Did the PCRA court err when it dismissed Appellant's PCRA petition as untimely?

_____

[6] This panel previously filed a memorandum in this matter on December 19, 2024, wherein we determined that Appellant was statutorily ineligible for PCRA relief, based on his concession that he was at liberty and the lack of any indication in the record that he was still serving a sentence in connection with this case. **See** Memorandum, 12/19/24, at 4-5 (citing 42 Pa.C.S.A. § 9543(a)(1)(i) (requiring, as a prerequisite for PCRA eligibility, that the petitioner is "currently serving a sentence of imprisonment, probation or parole for the crime[.]")). On December 31, 2024, Appellant filed a *pro se* Application for Reconsideration, which enclosed documentation indicating that he was, in fact, still serving a sentence in connection with this case, and had been released on parole. Application for Reconsideration, 12/31/24, Ex. A (Pennsylvania Parole Board document indicating Appellant was released on parole on July 9, 2024, and that his maximum sentence expiration date is March 23, 2026). On February 24, 2025, we granted the Application for Reconsideration and withdrew our prior memorandum.

Appellant's Brief at 2 (capitalization modified). As Appellant's issues are closely related, we address them together.

When reviewing the dismissal of a PCRA petition, we examine "whether the PCRA court's conclusions are supported by the record and free from legal error." ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023) (citation omitted). The scope of our review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Conforti***, 303 A.3d 715, 725 (Pa. 2023) (citations omitted).

Where a PCRA petitioner fails to file a timely petition, "neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). If a PCRA petitioner did not file his petition within one year of his judgment of sentence becoming final, but invokes one or more of the timeliness exceptions, the "petitioner bears the burden of proving the applicability of one of the [timeliness] exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). Moreover, any PCRA petition invoking a timeliness exception must also establish that the petitioner invoked the exception within one year of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant invokes the newly-discovered fact timeliness exception, 42 Pa.C.S.A. § 9545(b)(1)(ii). Our Supreme Court has stated that to establish this exception, the petitioner must plead and prove two prongs:

"(1) the facts upon which the claim was predicated were unknown[;] and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). The focus of the newly-discovered fact exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Lopez***, 249 A.3d 993, 1000 (Pa. 2021) (citation, emphasis, and footnote omitted). Regarding the due diligence prong, we have stated that "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015) (*en banc*); ***see also Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests." (citation omitted)).

We are mindful that "the analysis of whether a PCRA petitioner has satisfied the [Section] 9545(b)(1)(ii) time-bar exception is analytically distinct from the merits of any substantive claim seeking relief." ***Commonwealth v. Robinson***, 185 A.3d 1055, 1059 (Pa. Super. 2018) (*en banc*). However, courts must analyze the nature of the underlying claim for the limited purpose of determining whether the petitioner's asserted newly-discovered facts are based on information that is relevant to the petitioner's claim. ***See id.*** at 1061-62 (explaining that a PCRA petitioner may not merely assert any fact at

all that the petitioner did not know before and could not have known in order to invoke jurisdiction); ***Commonwealth v. Shannon***, 184 A.3d 1010, 1017 (Pa. Super. 2018) (observing that while "we need not find a 'direct connection' between the newly-discovered facts and the claims asserted by a petitioner, the statutory language [of 42 Pa.C.S.A. § 9545(b)(1)(ii)] requires there be some relationship between the two." (citation omitted)).

Here, Appellant claims the PCRA court erred in determining that he failed to satisfy the requirements of the newly-discovered fact exception. ***See*** Appellant's Brief at 5-29. Appellant asserts the newly-discovered PCRA exhibits show that the complainant fabricated her trial testimony. ***Id.*** at 5. Appellant claims these documents satisfy the newly-discovered facts exception, "raise issues of material fact[,] and question the validity of Appellant's conviction." ***Id.*** Appellant claims that the PCRA exhibits constitute "material evidence, because but for the circumstances that the facts were unavailable[,] the outcome of [Appellant's trial] would have been different." ***Id.*** at 9. According to Appellant, he filed his instant PCRA petition invoking the PCRA exhibits within one year of the date on which he became aware of the new facts, in compliance with 42 Pa.C.S.A. § 9545(b)(2). Appellant's Brief at 30-31.

Regarding the police report and witness statements in the Merlino case, Appellant contends that these documents illustrate the complainant's propensity to lie and her lack of credibility. ***See id.*** at 10-17; ***see also id.*** at

- 9 -

17 (asserting the witness statements illustrate that the complainant "will make false police reports, and will testify under oath consistent with those reports[.]"). Regarding the Instagram post, Appellant claims it is "material evidence which questions the validity of Appellant's conviction," and establishes that the complainant fabricated her testimony at Appellant's trial. *Id.* at 21. Appellant points out that the Instagram post contains some details that are inconsistent with the complainant's trial testimony, including the number of times Appellant assaulted the complainant and her age at the time of the assaults. *Id.* at 21-22. Finally, Appellant asserts the blog article as a newly-discovered fact. *See id.* at 17-21. He claims the blog article contains multiple falsehoods by the complainant, "which are materially inconsistent with what she testified to at [Appellant's] trial." *Id.* at 21; *see also id.* at 18-21.

The Commonwealth counters the PCRA court correctly determined it lacked jurisdiction to address Appellant's PCRA claims, as he failed to meet the requirements of the newly-discovered fact exception or any other timeliness exception. *See* Commonwealth Brief at 5-9. According to the Commonwealth, "[t]he opinions of several people regarding the [complainant's] credibility in an unrelated civil case, and a screen shot of an Instagram post, are not facts that meet the newly[-]discovered facts exception." *Id.* at 5 (punctuation modified). Regarding the witness

statements given in connection with the Merlino case, the Commonwealth asserts that

> the opinions of others in a matter wholly unrelated to [Appellant's] own case are not "facts" as required by the PCRA and further, have no bearing on [Appellant's] innocence. Because there is no relationship between the alleged "facts" [Appellant] presents now[,] and his claim that the [complainant] was untruthful during **his** trial twenty years ago, [Appellant] failed to satisfy the newly[-]discovered fact exception.

*Id.* at 7-8 (emphasis in original). Regarding the Instagram post, the Commonwealth claims the

> unauthenticated [] post does not constitute a newly[-]discovered fact. The fact [] that [Appellant] assaulted the [complainant], and that the [complainant] accurately reported it, was known to [Appellant] when [the assaults] occurred, and moreover[,] settled at trial.

*Id.* at 8-9.

We initially address the blog article. Appellant's second PCRA petition (filed March 25, 2015) previously invoked the 2015 blog article to support his claim of a newly-discovered fact. *See Disco*, 220 A.3d 680 (unpublished memorandum at 2). We concluded that the blog article was unavailing to Appellant, who "failed to demonstrate how the [blog article] refuted the [complainant's] testimony." *Id.* at 4; *see also id.* (noting that "Appellant mischaracterized the information in the [blog] article"). Accordingly, this issue has been previously litigated and is thus not cognizable. *See* 42 Pa.C.S.A. § 9543(a)(3) (providing that previously litigated claims are not cognizable under the PCRA). Moreover, the 2015 blog article does not constitute a newly-

discovered fact, as Appellant has known about it for nearly a decade. ***See***

***Cox***, 146 A.3d at 227.

In its Rule 1925(a) opinion, the PCRA court reasoned as follows in support of its determination that Appellant failed to establish the newly-discovered fact exception:

> [Appellant] fails to substantiate the purported fact of the complainant's fabrication of trial testimony. No satisfactorily authenticated evidentiary support has been provided by [Appellant] for his bald assertion concerning the [police report and witness statements issued in connection with the] Merlino case. Yet, even granting that [Appellant] has provided evidentiary support for this assertion, **the allegedly "false" testimony he presents is relevant only to an entirely distinct** [] **case**[**,**] **which bears no relationship to** [**Appellant**]. Such evidence cannot conceivably substantiate the purported fact that the complainant fabricated [her] testimony against [Appellant]. Absent a direct relationship to [Appellant's] prosecution, the supposed fact that the complainant's [allegations against Merlino] failed to result in [the issuance of a protection from abuse order against] … Merlino will not support the purported fact that the complainant testified falsely against [Appellant].
>
> Moreover, the [] Instagram post fails to substantiate the purported fact of the complainant's fabrication of testimony because [Appellant] fails to provide sufficient authentication, such that the [PCRA] court cannot determine whether the [purported Instagram] post ever existed at all or has not undergone any modification by [Appellant] or others. Even granting the [Instagram] post's authenticity for argument's sake, **the details expressed therein are not materially inconsistent with the complainant's trial testimony**. The complainant's recollection in the [Instagram] post[,] of [criminal] acts committed against her by [Appellant,] does not substantiate [Appellant's] averred newly[-]discovered fact of the complainant's fabrication of trial testimony. On this basis, the purported Instagram post could not possibly substantiate [Appellant's] alleged newly[-]discovered fact that the complainant fabricated trial testimony against him. Rather than contradicting the complainant's prior testimony to the point of recantation, the [Instagram] post insists on [Appellant's]

culpability. A clear disconnect exists between the plainly expressed content of the [Instagram] post and the interpretation assigned to it by [Appellant]. **Small deviations in a witness's narrative recollection of events – barring actual recantation of earlier testimony <u>that plainly absolves a petitioner</u> – will [] not substantiate a newly[-]discovered facts exception claim.** *See Commonwealth v. Small*, 238 A.3d 1267, 1287 ([Pa.] 2020) (testimony that "[omits minor] details from the sequence of events [that a witness] described at trial" will not "constitute a 'new story'" sufficient to substantiate a newly[-]discovered facts exception claim [(citation omitted)]). Thus, the [PCRA exhibits Appellant submitted in support of his claim of newly-discovered facts] cannot sufficiently [satisfy] … 42 Pa.[C.S.A.] § 9545(b)(1)(ii).

Further, [**Appellant**] **fails to establish that the purported fact of the complainant's false testimony was previously unknown.** Whether the complainant testified falsely at trial concerning [Appellant's] conduct [does] not constitute a fact previously unknown to [Appellant]. As a person's volitional conduct constitutes that person's lived experience, such conduct will necessarily fall within the limits of personal knowledge. Thus, the alleged untruth of the complainant's testimony concerning [Appellant's] conduct [does] not satisfy the requirement that [Appellant] plead and prove previously unknown facts. Consequently, [Appellant] fails to plead and prove that "facts" averred in [his PCRA] petition existed outside [of Appellant's] personal knowledge, as [Appellant] would have known from the start the truth [] of the complainant's testimony concerning [Appellant's] conduct. [*See Lopez*, 249 A.3d at 1000 (stating the newly-discovered fact exception is not satisfied by a newly-discovered source for previously known facts).]

PCRA Court Opinion, 2/9/24, at 2-3 (unpaginated) (emphasis added; footnotes omitted).

Our review confirms the record and the law support the PCRA court's findings, and we agree with its determination. Appellant failed to satisfy his burden of proving the newly-discovered facts timeliness exception.

Based on the foregoing, the PCRA court's conclusion that Appellant's PCRA petition is untimely, and does not satisfy any timeliness exception, is supported by the record and free of legal error. *See Johnson*, 289 A.3d at 979. Both the PCRA court and this Court are, therefore, without jurisdiction to consider the issues raised by Appellant. *Albrecht*, 994 A.2d at 1093. Accordingly, we affirm the order dismissing Appellant's fourth PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2025